## LLOYDS CASUALTY CO. OF NEW YORK
### v. LEM.
#### No. 9886.

Court of Civil Appeals of Texas. Galveston.
June 9, 1933.

Rehearing Denied June 22, 1933.

Vinson, Elkins, Sweeton & Weems, of Houston (C. M. Hightower, of Houston, of counsel), for appellant.

Ed. Arnold, of Houston, for appellee.

PLEASANTS, Chief Justice.

This suit was brought by appellee in the district court for Fifty-Sixth judicial district, Galveston county, against appellant to mature an award of the Industrial Accident Board in his favor for the sum of $892.33, and for recovery of 12 per cent. penalty, and $350 attorney's fees. The suit was brought under section 5a, article 8307, Revised Statutes (1925). After alleging the facts entitling him to such compensation, the petition alleges in substance that "on December 16, 1931, the Industrial Accident Board made a final award against appellant in his favor for total incapacity for four and three-sevenths weeks from and after June 26, 1931, at the rate of $20.00 per week, and for partial incapacity for ninety-five and four-sevenths weeks at the rate of $8.41 per week."

Appellee further alleged: "That appellant filed notice of appeal with the Industrial Accident Board on January 2, 1932, within twenty days after the award, but that well knowing that appellee's injuries occurred in Galveston County, Texas, the appellant filed suit in the 55th Judicial District Court of Harris County, Texas, to set aside the award."

The petition further alleges that, after appellant had been informed that its suit to set aside the award had been filed in the wrong county, it refused to transfer the suit to Galveston county, and that filing the suit in the district court of Harris county was not because of the difficulty in determining in what county the accident in which appellee was injured occurred, or by mistake; and that therefore appellant had refused to comply with the award without justifiable cause.

Appellant answered by a plea to the jurisdiction of the Galveston district court, and further pleaded in substance: "That it did, within the statutory twenty days from the

date of the final award of the Industrial Accident Board, file notice with the Board of its intention not to abide by the award; that it did, within twenty days after filing notice with the Board, file suit in the 55th District Court of Harris County, Texas, in cause No. B–201,595, against appellee to set aside the final award and that said cause was still pending in the 55th District Court of Harris County, Texas, and that by reason of said facts appellee was not entitled to mature the award."

The trial in the court below without a jury resulted in a judgment in favor of appellee for the sum of $1,201.41, being the matured amount of the award, and the further sums of $109.08 statutory penalty, and $200 attorney's fees.

This judgment approved a contract by the appellee with his attorney, Mr. Arnold, for one-third of the amount of recovery as reasonable attorney's fees, and adjudged that portion of the judgment to Mr. Arnold.

The sole question presented by this appeal is whether the pendency of the suit by appellant in the district court of Harris county against appellee to set aside the award deprived the district court of Galveston county, which rendered the judgment from which this appeal is prosecuted, of the power or authority to render such judgment.

The record shows that appellee on June 26, 1931, sustained an injury in Galveston county, for which the compensation stated in the judgment was awarded him by the Industrial Accident Board, against appellant, on December 16, 1931, in proceedings properly instituted and prosecuted by appellee.

On January 2, 1932, appellant filed notice with the Industrial Accident Board that it would not consent to nor abide by the award, and on January 12, 1932, it filed suit against the appellee in the Fifty-Fifth judicial district court of Harris county, Tex., in cause No. B–201595, to set aside the award. The cause in the district court of Harris county was subject to call for hearing on February 8, 1932, and prior to that date appellee appeared in said cause, filed a plea to the jurisdiction, and, subject thereto, a general demurrer, general denial, and cross-action suing on his claim for compensation.

After the Harris county suit was filed, appellee, through his attorney, gave notice by telephone and by letter to appellant's counsel that the alleged injuries to appellee occurred in Galveston county, and appellant's attorneys advised that they would not move the case to Galveston county, but would not contest a motion of appellee to move it to Galveston county.

On February 11, 1932, after appellee's attorney had notified appellant's attorneys that the Harris county suit was filed in a county other than the county in which the injuries to appellee were sustained, appellee filed this suit to mature the award and recover 12 per cent. statutory penalty and reasonable attorney's fees. At the time appellee filed this suit to mature the award and at the time of the entry of the judgment maturing the award, the Harris county suit to set aside the award was still pending, and no action had been taken either by appellee or appellant to remove the cause to Galveston county.

The filing of the suit in Harris county by appellant to set aside the award was not the result of mistake or because of any difficulty in determining the county in which the injury occurred.

The amount of the award matured was $892.33, statutory penalty was $109.08, and reasonable attorney's fees $200, making a total of $1,201.41, for which amount judgment was entered for appellee against appellant.

Mr. Ed. Arnold, an attorney at law, represented appellee under a contract providing for one-third of any recovery as attorney's fees, which amount was reasonable; and the judgment provided that Mr. Arnold should be allowed out of the recovery by plaintiff $400.-47 as reasonable attorney's fees.

While the question is not free from doubt, we have reached the conclusion that appellant's plea in abatement, on the ground of want of jurisdiction in the court below because of the pendency of the suit in Harris county, should have been sustained.

Section 5 of article 8307 as originally enacted required that a suit to set aside an award of the Industrial Accident Board be brought in the county in which the injury occurred. This statute was held to be mandatory and jurisdictional by our courts.

The Forty-Second Legislature amended this provision of the statute by the following enactment, which is now article 8307a, as found in Vernon's Ann. Revised Civil Statutes. This article is as follows: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be con-

sidered for all purposes, the same as if originally filed in said court. (Acts 1931, 42nd Leg., p. 351, c. 208, § 1.)"

After the suit in Harris county was filed, the appellee answered therein prior to return day by a plea to the jurisdiction and by cross-action against appellant for compensation for the injury alleged to have been sustained by him. This suit was pending in the district court of Harris county at the time of the trial and rendition of the judgment in the court below.

█ It seems clear to us that, until it is made known to the Harris county court that the suit to set aside the award was not properly brought in that court because the injury occurred in Galveston county, the suit remains pending in that court; and its filing with due notice to appellee, who appeared and answered therein, suspended the award, and no suit can be maintained to mature it. McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 800. Under the plain language of this statute, when the court of Harris county ascertains that the suit should be tried in Galveston county, it is the court's duty to transfer the cause to the district court of that county, but, until such fact is made known to the court, the pendency of that suit prevents the maintenance of a suit to mature the award. If the appellee desired to have the suit tried in Galveston county, he should have informed the Harris county court of the fact which entitled him to have the case transferred to that county.

██ We cannot bring ourselves to believe that a judgment obtained in the suit in Harris county would be void for want of jurisdiction in the court to hear and determine the issues presented by the pleadings, or that the Legislature intended by enacting such statute to take from the district courts any part of the jurisdiction conferred upon those courts by our Constitution, but merely intended to prescribe reasonable limitations upon the exercise of such jurisdiction. Whenever such mandatory limitations are disregarded, the judgment could be set aside by appeal or other appropriate remedy by the complaining party, unless he had agreed to, or acquiesced in, the disregard by the court of the legislative method of procedure, but, when such agreement or acquiescence is shown, the constitutional jurisdiction of the court to hear and decide the case is not destroyed.

█ It seems to us that this statute is in legal effect nothing more than a statute fixing the venue in cases of this character. While it provides for a more expeditious method of transfer to the court in which the venue is fixed by the statute, the constitutional jurisdiction of a court, other than the court named in this statute, to hear and determine the case, is no more destroyed or impaired by

this statute than by other mandatory venue statutes. Commonwealth Bonding & Casualty Ins. Co. v. Bowles (Tex. Civ. App.) 192 S. W. 611.

The evident purpose and intention of this statute was to meet the apparent holding of our courts that the original statute naming the district court of the county in which the injury occurred as the court in which the suit to set aside the award should be brought destroyed the jurisdiction of other district courts to hear and determine suits brought for the purpose of setting aside an award of the Industrial Accident Board.

█ Such being the plain, unambiguous import of the language of the statute above quoted, there is no room for construction, and the emergency clause of this amendatory act cannot be invoked for the purpose of raising an ambiguity in the language of the statute.' Volume 25, R. C. L. § 213, p. 957, and section 218, p. 963; Commissioner of Immigration v. Gottlieb, 265 U. S. 310, 44 S. Ct. 528, 68 L. Ed. 1031; Moore v. Lumbermen's Reciprocal Association (Tex. Com. App.) 258 S. W. 1051; Weaver v. Robison, 114 Tex. 272, 268 S. W. 133; Blanks v. M. K. & T. Ry. Co. (Tex. Civ. App.) 116 S. W. 377.

The emergency clause of this act is as follows: "The fact that in many instances it is very difficult to determine in what county an employee coming within the terms of the Workmen's Compensation Act has sustained an injury, and that often suits appealing from the decisions of the Industrial Accident Board are by mistake filed in Courts not having jurisdiction to render final judgment, and that in every such instance such cases must be dismissed, under the present law, rather than transferred to the proper Courts; and that the passage of this Act will result in less delay and fewer suits filed in the Courts, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and it is hereby suspended, and this Act shall take effect and be in full force from and after its passage, and it is so enacted." (Acts 1931, c. 208, § 2).

If this clause was admissible for the purpose of construing the provision of the act first quoted, it does not appear to us as raising an ambiguity in that provision, or to require or authorize a different construction of the act from that we have given it. This clause merely recites facts and conditions which in the judgment of the Legislature created an emergency authorizing the suspension of the constitutional rules as to the several readings of the bill, and as to the time of the taking effect of the act. The Legislature could not by this emergency clause engraft upon the provision of the act first quoted that it was not intended to change the

amended act except in cases where it was difficult to determine in what county the injury for which the award was made occurred.

Appellee in effect contends that the emergency clause authorized the trial court to give the act this construction. We cannot agree with this contention.

In our opinion the judgment should be reversed and judgment here rendered sustaining appellant's plea in abatement and dismissing appellee's suit, and it has been so ordered.

Reversed and rendered.