## TRADERS & GENERAL INS. CO. v. CURBY.

### No. 1842.

Court of Civil Appeals of Texas. Waco.

Feb. 4, 1937.

Rehearing Denied April 1, 1937.

Leachman & Gardere, of Dallas, for appellant.

Jno. M. Hatter and Lem Wray, both of Waxahachie, for appellee.

ALEXANDER, Justice.

This suit was brought in Ellis county by W. E. Curby against Traders & General Insurance Company under the Workmen's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.) to set aside an award of the Industrial Accident Board and to recover compensation for certain injuries claimed to have been sustained by him as the result of an automobile collision. The plaintiff alleged that he resided in Ellis county and that the defendant had an agent in that county, but that he did not know in what county his injury occurred. The defendant filed a formal plea of privilege as provided in Revised Statutes, art. 2007. Upon a trial of the case, the plaintiff testified that the injury suffered by him did not occur in Ellis county; that it occurred somewhere between Madisonville in Madison county and Huntsville in Walker county, but that on account of the severity of the injury he was rendered unconscious and did not regain consciousness until he was carried to a hospital, and for that reason he was unable to say in which of the last two named counties the injury occurred. The trial court overruled the defendant's plea of privilege and retained jurisdiction of the suit. The defendant appealed.

The appellant contends that, since it filed the statutory plea of privilege and since the evidence showed without dispute that the injury complained of did not occur in Ellis county, it was entitled to have the suit transferred to Dallas county, the county of its residence. The appellee contends that the evidence showed that appellant had an agent in Ellis county, which justified the bringing of the suit in that county, but that, if he be mistaken in this respect, then the suit could be transferred only to the county where the accident occurred, and the burden of proof was on the appellant to prove the proper venue for the trial of the case, and, it having failed to meet this burden, the trial court properly retained venue of the suit.

Vernon's Ann.Civ.St. art. 8307a, provides in part as follows: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred." Acts 1931, 42nd Leg. p. 351, c. 208.

 The provisions of the above act appear to be plain and unambiguous. Said statute simply means, as stated therein, that a suit to set aside an award of the Industrial Accident Board, in a workman's compensation case, shall be brought in the county where the injury occurred, but that, if the suit should be brought in the wrong county, the court in which it is so filed, upon ascertaining such fact, shall transfer the case to a court in the county where the injury occurred. We agree with the holding of the Galveston court that said statute, for some purposes at least, is a venue statute fixing the venue of such actions. Lloyds Casualty Co. v. Lem (Tex.Civ.App.) 62 S.W.(2d) 497. But the venue in such cases is controlled by the act itself and not by the provisions of Revised Statutes, art. 1995, and the many exceptions therein provided. Neither is the right to a transfer of such a cause to the proper court controlled by the provisions of article 2007 with reference to the form of a plea of privilege, nor is the procedure to be followed in such a case controlled by the provisions of Revised Statutes, art. 2008, regulating the procedure in pleas of privilege cases generally. As said by the court in the case above cited, the act provides for a more expeditious method of transfer to the court in which the venue is fixed by the statute. Under said act, if at any time during a trial of such a case the court should ascertain that the injury complained of did not occur in the county where the suit is pending, it is made the duty of the court, either upon its own motion or upon the motion of either party, to transfer the suit to the proper court in the county where the injury occurred.

 From what has been said, it is apparent that appellant was not entitled to have the cause transferred to Dallas county because the injury did not occur in that county; and for a like reason the appellee is not entitled to have the cause tried in Ellis county. This requires a reversal of the judgment of the trial court. We would transfer the suit to the proper county, but the evidence does not disclose in what county the injury occurred. It is affirmatively established that the injury did not occur in Ellis county, and therefore the district court of that county could not, over the protest of the appellant, lawfully proceed to a trial on the merits. The cause will be reversed and remanded, with instructions to the trial court to ascertain the county in which the injury occurred and to transfer the suit to a proper court of that county. The burden will be on the claimant to establish in what county the injury occurred.

The judgment of the trial court is reversed and remanded, with instructions as above set out.