### SECURITY MUT. CASUALTY CO. v. WOODARD.

#### No. 14148.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 6, 1940.

Rehearing Denied Jan. 10, 1941.

Thompson & Barwise and Seth Barwise, all of Fort Worth, for appellant.

Clark, Craik, Burns & Weddell and J. Harold Craik, all of Fort Worth, for appellee.

282

BROWN, Justice.

This is a workmen's compensation case. Appellee Woodard, an employee of Swift & Company, sustained a severe head injury at the plant, or packing house, in Fort Worth, Texas, and having given notice of his injury and made claim before the Industrial Accident Board of Texas, and not being satisfied with the ruling of the Board, appealed therefrom, and brought his suit for total, permanent disability in the District Court of Tarrant County.

The defendant insurance carrier, who is the appellant here, answered by a general demurrer and general denial.

All jurisdictional facts were agreed to by the insurance carrier except that it was not expressly agreed that Woodard was injured in Tarrant County, but each successive step, necessary to show jurisdiction of the district court in which the cause was tried, was specifically set forth and agreed to and these stipulations are then followed by the following: "That this suit was thereafter filed in the District Court of Tarrant County, Texas, on May 20th, 1939. It is further agreed that the defendant, Security Mutual Casualty Company, thereafter failed to perfect its appeal to the District Court."

This latter portion of the stipulations follows that whereby it was agreed that both the injured employee and the insurance carrier gave notice of dissatisfaction with the ruling and award of the Board and notice of intention to appeal.

The cause was tried to a jury on special issues and all such were answered favorably to the plaintiff, finding him totally and permanently disabled, on which findings the court rendered judgment for the plaintiff and the insurance carrier has appealed.

Three assignments of error are presented. The first urges that: "The court erred in failing to grant the defendant a new trial for the reason that there was no testimony showing that the injury complained of was received in Tarrant County, Texas, and that being a burden imposed by law upon the plaintiff, it was error for the court to refuse to grant defendant's motion for an instructed verdict and for the failure of the court to grant a new trial as pointed out in paragraph 5 of defendant's objections to the court's charge."

The assignment of error is distinctly multifarious and complains of two separate and distinct rulings of the trial court, but appellant has seen fit to present only the latter portion of the assignment and its proposition reads as follows: "The court erred in failing to grant the defendant a new trial in this suit because the evidence wholly failed to show that the alleged injury to the plaintiff occurred in Tarrant County, Texas, and absent such showing it was error for the court to enter a judgment against the defendant, or having so entered a judgment, to refuse to grant the defendant a new trial since Article 8307a of Vernon's Ann.Civ.St. provides that it is mandatory that a suit based upon the Workmen's Compensation Act shall be brought in the county in which the injury is alleged to have occurred."

█ In our opinion, there are several reasons why the assignment of error is not well taken. In the first place, we believe that the stipulations, voluntarily made by counsel, covering the jurisdictional facts, are such that they show that this suit was properly brought by the employee in the district court that had jurisdiction over the cause of action.

In the second place, the whole record, which has been read by us, discloses that the case was tried by all parties on the theory that the district court in which the suit was tried was the proper tribunal in which to try same. And, without some specific objection to the trial of the case because of lack of jurisdiction to try same, on the part of the defendant, it does not appear to us that a different theory may be here presented for the first time.

In the third place, the trial court, in the judgment, made the following findings of fact: "That this is a compensation case growing out of injuries sustained by plaintiff, E. S. Woodard, January 19th, 1938, while in the course of his employment for Swift & Company, in Tarrant County, Texas."

Such finding has not been attacked by the insurance carrier and no assignment of error attacking these findings has been presented.

We believe that for such reason the findings must stand.

But we are further of opinion that the stipulations entered into by counsel, together with the testimony adduced, furnish evidence sufficient to sustain the trial court's findings.

In the fourth place, if this assignment of error is to be considered we must look

to the objections to the court's charge on which it is bottomed.

Appellant makes no effort to show this part of the record in the statement under his assignment of error, but is content with stating that, "there was no evidence introduced during the trial of this case showing in what county the alleged injury to the plaintiff occurred", and gives its version of the testimony adduced. But we turn to the objections made to the court's charge and find that in its motion for a new trial its paragraph 5 in such motion is the portion of the record referred to, and the objections which purport to sustain the assignment of error read as follows: "Defendant objects and excepts to the court submitting this case to the jury for the reason that the testimony in this case is wholly insufficient to authorize the entry of a judgment in favor of the plaintiff in the event the jury should arrive at a verdict; and any judgment entered on any verdict brought in by virtue of the charge of the court would not be supported by the facts and evidence in this case."

■ We respectfully submit that such objections to the court's charge in nowise raise or support the assignment of error, but on the other hand these objections show clearly and distinctly that they refer to the charge as given and not to any omissions on the part of the trial court to give a correct charge.

■ It is perfectly proper for a litigant to present a reconstructed assignment of error, but it is imperative that any such assigned error be one that may be fairly and reasonably carved out of or deduced from the portion of the record on which it is bottomed.

An examination of the record shows that without doubt the error as assigned is not one that may be reasonably deduced from that portion of the record from which it purports to have been taken.

■ Be it further said that the assigned error is not fundamental; therefore it is one that must be raised in the trial of the case in the trial court. It was not so raised.

Appellant relies upon Lloyds Casualty Co. v. Lem, Tex.Civ.App., 62 S.W.2d 497, and Traders & General Ins. Co. v. Curby, Tex.Civ.App., 103 S.W.2d 398, but an examination of these decisions will show that they are not in conflict with our holdings here.

The second assignment of error insists that the trial court erred in submitting the issues relating to temporary incapacity conditioned upon a negative answer to the issue pertaining to permanent incapacity; and the third assignment of error insists that the trial court erred in failing to unconditionally and unqualifiedly submit the question of temporary incapacity of the plaintiff after timely objection thereto had been made by the defendant. These assigned errors being akin are considered together.

They are bottomed on paragraph 6 of the motion for a new trial, and this portion of the record insists that the trial court "erred in failing to sustain paragraph 11, subdivision 2, of the defendant's exception to the court's charge, as follows:" The objections are to the instructions preceding Special Issues 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15 and 16, "and each of them for the reasons that such instructions and each of them constitute a charge on the weight of the testimony; is a comment by the court which is violative of the rights of the defendant, and indicates to the jury the manner and way in which the court expects the jury to answer the questions and indicates to the jury the way in which the court thinks the questions should be answered, and violates the rights of the defendant; are prejudicial, and places a bigger burden on the defendant than the law requires, and informs the jury of the effect of their findings."

■ We submit that these objections do not complain at the charge because certain issues are submitted conditionally when same should have been submitted unconditionally.

■ We are of opinion that this objection to the "instructions preceding each of" fourteen designated special issues is too general to specifically call the trial court's attention to the error which is attempted to be presented to this court.

What we said in Wachholder v. Kitchens, Tex.Civ.App., 126 S.W.2d 519, is applicable here.

We are also of opinion that the objections do not meet the requirements announced in Stillman v. Hirsch, 99 S.W.2d 270, by our Supreme Court.

All assignments of error are overruled, and the judgment is affirmed.