# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



Honorable Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:                          Attention:  Jack Ross

Opinion No. 0-3873
Re:  Does Section 5 of House Bill
     186 (new white wing and dove
     law) prohibit the hunting,
     taking, shooting or killing
     of wild ducks, or other
     migratory birds, in the pro-
     hibited area designated in
     said section?

    In reply to your letter of recent date requesting our opinion on the question stated above, we deem it proper to quote the following from your letter:

    "Section Five (5) of H. B. No. 186, after setting out that portion of the State included in the prohibited area, reads as follows:

    "'.....and said area is hereby set aside as a nesting and propagating grounds for white-winged doves, chachalaca and other game, within which area it shall be unlaw-ful at any time to hunt, take, shoot or kill any kind or species of wild fowl hereinabove mentioned.'

    "Section Two (2) of said Bill reads in part as follows:

    "'It shall be unlawful to hunt or shoot mourning doves, white-winged doves, or any migratory bird, or any other game bird in this State, with a shotgun larger than ten

gauge, and that is capable of holding more than three (3) shells at one loading - - - -.'

"The title of said Bill reads in part as follows:

"' - - - - prescribing the time when it shall be legal to hunt certain game, setting aside certain territory as a nesting and propagating ground for certain game, and prohibiting hunting and shooting therein;.......'

"Section 9 of said Bill reads in part as follows:

"'...... and that there is urgent need of setting aside as a game sanctuary the area described in this Act as a nesting and propagating grounds wherein all hunting and shooting of game birds and game animals shall be prohibited so as to conserve and protect white-winged doves, red-billed pigeons, and chachalaca, and other game that nest and propagate in said area, all create an emergency and public necessity' etc.

"If the wording 'hereinabove mentioned' in Section Five (5) relates to the entire bill it certainly would include any migratory bird, such as wild duck. It is my opinion that said language relates to the entire bill.

"If the wording 'hereinabove mentioned' in said section includes only Section Five (5) there may be some question as to the intention of the Legislature, but taking Section Five (5) with the title of the Bill ' - - - and prohibiting hunting and shooting therein; ---' and the reference to 'other game' in connection with the language that follows it, ie, that it shall be unlawful ' -- at any time to hunt, take, shoot or kill any kind or species

of wild fowl hereinabove mentioned' (and also taking into consideration the language of Section Nine (9) as set out above) it is my opinion that said Section Five (5) of said Bill prohibits the hunting, taking, shooting or killing of wild ducks and other game fowls in the prohibited area described."

For convenience in reference, we incorporate the whole of Section 5 of the Act under consideration. It follows:

"Sec. 5. That portion of the State lying between the Rio Grande River and a line extending from a point on the Rio Grande River North along the common boundary line of Zapata and Starr Counties to the South boundary line of State Highway 4; thence along the South boundary line of the right of way of State Highway 4 to a point where said South right of way boundary intersects the West boundary of the city limits of the City of Brownsville in Cameron County; thence along the West city limits of the City of Brownsville to the point where same intersects the Rio Grande River, is hereby recognized as an area in which white-winged doves and chachalaca nest and propagate; and said area is hereby set aside as a nesting and propagating grounds for white-winged doves, chachalaca and other game within which area it shall be unlawful at any time to hunt, take, shoot, or kill any kind or species of wild fowl hereinabove mentioned."

Section 1 of House Bill No. 186 prescribes the open season for taking of mourning doves and white-winged doves in this State. Section 2 fixes the bag limits of such doves.

Section 3 limits the size of guns and number of shells to be used throughout the State in hunting and shooting "mourning doves, white-winged doves, or any migratory bird, or any other game bird of this State." There is no limitation of territory wherein this section of the statute is applicable; it applies to all bird hunters within the State.

Section 4 authorizes game wardens to take affidavits; there is no mention of any birds in this section.

From Sutherland on Statutory Construction, we take the following quotation:

"In deciding whether words of reference are to be understood in the largest or in the narrowest sense, whether they extend to the whole or to a part only of any act, the court considers the subject matter of the section in which such words are found, and contrasts it with that of the preceding sections. Thus, where a section which dealt with a new subject used the words 'nothing hereinbefore contained,' it was held that the reference was confined to matters contained in that section and did hot extend to earlier portions of the Act." (Sutherland, Statutory Construction, Sec. 257, p. 338; Lewis' Sutherland Statutory Construction, Sec. 405, p. 789.)

In Section 5, the subject matter is the creation of a game preserve, and deals only with its establishment and the limitation of hunting within its boundaries. It is clear to us that the use of the underscored words in the phrase "white-winged doves, chachalaca and other game" is restricted by application of the doctrine of ejusdem generis. It is likewise clear that the prohibition contained in the final sentence of section 5 (it be unlawful at any time to hunt, take, shoot, or kill any kind or species of wild fowl hereinabove mentioned" has reference only to those mentioned in the section; i. e., "white-winged doves and chachalaca" and all of the different "kind or species" of same.

We observe your references to the title and emergency clause of the Act. However, neither the title of a statute, nor its emergency clause has any enacting force. The body of the Act controls. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, affirming 192 S.W. 1088; Lloyd's Casualty Co. v. Lem, (Civ. App., writ dismissed) 62 S.W. (2d) 497; Missouri-Kansas-Texas Ry. Co. v. Thomason, (Civ. App., writ refused) 280 S.W. 525; 39 Tex. Jur. 226, Sec. 121.

In view of the foregoing, it is our opinion that Section 5 of House Bill No. 186 does not prohibit the hunting, taking, shooting or killing of wild ducks, or other migratory birds (other than all kinds and species of white-winged doves and chachalaca) in the area designated in said section.

Yours very truly

APPROVED SEP 15, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By    (s)    Benjamin Woodall
Assistant

BW:CO

CC:    Game, Fish & Oyster Commission
Austin, Texas

APPROVED
Opinion Committee
By   B. W. B.   Chairman