## GERMANN v. KAUFMAN'S, Inc.

### No. 11028.

Court of Civil Appeals of Texas. San Antonio.

Oct. 29, 1941.

Rehearing Denied Nov. 26, 1941.

G. Woodson Morris, of San Antonio, for appellant.

Johnson & Rogers, of San Antonio, for appellee.

SMITH, Chief Justice.

A. L. Germann, plaintiff below, sued Kaufman's, Inc., for damages for personal injuries alleged to have been sustained by him when he fell down a stairway leading into the basement of defendant's store in San Antonio. The parties will be designated as in the trial court.

Plaintiff alleged numerous specific acts of negligence on the part of defendant, who defended on the ground of plaintiff's alleged contributory negligence. The jury found for defendant on all the grounds submitted in its defense, and, further, that plaintiff was guilty of negligence, in not keeping a proper lookout, which was a proximate cause of his alleged injuries. The jury further found that plaintiff was not damaged by his injuries. Plaintiff has appealed from the resulting judgment against him.

Plaintiff was, and for some time had been, employed as a pipe fitter in the shops of the Texas and New Orleans Railroad Company at San Antonio. His work was in the department of the company's master mechanic of whom E. E. Sitterlee was chief clerk. The time of the several employees in that department was kept by the regular timekeeper in Sitterlee's office. The timekeeper made up his time sheet from record cards signed by the several employees and approved by their foreman. These records were in the custody of Sitterlee, were made up under his direction and supervision, in the usual course of the company's business, and retained in his office as the permanent records of the company. Plaintiff subpoenaed Sitterlee as his witness, requiring him to produce the time sheet and the daily time records of plaintiff's work. From these records Sitterlee testified, on direct examination by plaintiff, to the days and hours worked by plaintiff on his job, the days he was absent and the cause of his absences, as shown not only by the time sheet but by the daily record signed by plaintiff himself and his foreman. No question

was made of the correctness of these records in those particulars. It was shown by the time sheet that plaintiff lost a great deal of time up to January, 1940, and that he ceased entirely to work on his job after some time in January. The time sheet bore the further notation that plaintiff was "discharged 4–27–40." On direct examination by plaintiff Sitterlee testified on two occasions that plaintiff had been discharged by the Railroad Company, but these answers were stricken on plaintiff's objection that they were not responsive. On cross-examination by defendant, Sitterlee testified again that plaintiff had been discharged by the Railroad Company, as shown by the same record. Plaintiff complains in his first proposition that this testimony was inadmissible for the reason that the witness was testifying, not from his own personal knowledge, but from the notation on the time sheet which he testified had been made "on instructions." The trial judge overruled this objection and the testimony was permitted to remain in the record. We are of the opinion that the evidence was admissible. Heid Bros. v. Commercial Nat. Bank, Tex.Com.App., 240 S.W. 908, 24 A.L.R. 904; Indemnity Ins. Co. v. Jago, Tex.Civ.App., 49 S.W.2d 943.

■■■ Moreover, and even though the testimony complained of was erroneously admitted, the error, if any, was cured by the fact that on redirect examination by plaintiff the witness testified that "this word (on the time sheet) 'discharged 4–27–40' is right," whereby plaintiff himself elicited the very evidence he complains of in his first proposition. But, even if the admission of the testimony in the first place had been erroneous, it is not conceivable that it was so harmful to the plaintiff as to prejudice his case with the jury. Plaintiff testified very frankly that after his alleged injury he worked only sporadically on his job with the Railroad Company; that because of his injury he was "not able to discharge his duties as formerly;" that in the early morning he had "to do about half way" because of the pain he was suffering from his injury. It is not conceivable that after having worked only occasionally, and then not well, over periods of several months, and finally failed to report back for work from January to April, any odium would attach to him in the minds of the jury because of his discharge from that employment

at that late date. If the fact of his discharge in the circumstances had any influence upon the jury it was more likely to excite their sympathy than prejudice. We overrule plaintiff's first proposition.

■■■ Plaintiff was permitted to testify on cross-examination by defendant and over objections of his counsel, that at the time of his injury he was insured against accident and that he collected insurance for part of the time he lost by reason of his injury. Plaintiff first objected to this testimony on the ground that it was an inquiry into the terms of an insurance policy and that the policy would be the best evidence. This objection, being untenable, was overruled, and there being no subsequent motion to strike it remained in the record. Plaintiff was then asked by defendant how long he collected compensation from the insurance company under his accident policy. Plaintiff objected to this question on the ground that it was irrelevant, immaterial, prejudicial, and hearsay testimony and had no bearing on the case. The court overruled the objection and plaintiff answered "about six weeks," that the insurance company paid him about ten or twelve days more than he really claimed. Plaintiff excepted to the admission of that answer over that objection. On redirect examination by his own counsel, however, plaintiff testified that he thought the insurance company paid him $155, embracing a little over six weeks, and explained the circumstances under which he made the settlement with the insurance company. Plaintiff himself then introduced the insurance policy under which he had collected, which contained a provision that in case of accident by which he was wholly and continuously disabled from performing his duties he was entitled to twenty-four months disability, or $2,400. We think the introduction of this testimony by plaintiff himself cured any possible error in the transaction, and plaintiff's second proposition is overruled.

■■■ In his third proposition plaintiff complains of the refusal of the trial judge to submit his requested issue number four, inquiring if defendant had any lights "of any" kind at the entrance to said storage basement so as "to warn and apprize a customer of the location and presence of same." In this connection the court submitted these issues: "Do you find from a preponderance of the evidence that the

defendant failed to have any lights of any kind at the entrance to the stairway?" and "Do you find from a preponderance of the evidence that the defendant failed to have its store so lighted that the entrance to the stairway could be seen by its normal and ordinarily prudent customers in the exercise of ordinary care at the time of the accident in question?" We think these issues sufficiently submitted the question presented in plaintiff's refused request, and the proposition is overruled. We are of the further opinion that plaintiff's propositions that the issues actually submitted embraced questions of law and questions of fact, or that they required explanatory instructions from the judge, are without merit, and we therefore overrule plaintiff's fourth and fifth propositions.

■ Plaintiff's sixth proposition charges misconduct of the jury and asserts that such misconduct requires reversal. We overrule this proposition. The transaction complained of by plaintiff is described in his motion for new trial, as follows, and is not questioned by defendant: "Thirty-Seventh: That the jury got for its consideration on the afternoon of July 11, 1940, the Charge of the Court and at about 10:08 A. M. of the following day, July 12, 1940, informed the Court through the sheriff that it wanted to propound a question to the Court, and thereupon counsel for both parties agreed that the question should be in writing and presented to the Court by the jury in open court; that the Court then instructed the sheriff to so inform the jury and thereafterwards the jury was brought into court by the sheriff and the Court inquired of the jury if they had put the question in writing and its foreman answered that 'it had;' that the Court then asked to see the question, which was as follows: '7–12–40 10:08 A. M. Re Question No. 1. Since said stairway is used by employees only is said stairway not similar to public stairway. Stuart F. Armstrong, foreman'; that after the Court had read the question he talked the matter over with attorneys for both parties and it was agreed that the court could not under the law answer the question and that he, (the Court) should instruct the jury accordingly; that the Court informed the jury that he was sorry but that he could not answer the question and thereupon the jury retired; that thereafterwards within about 30 or 40 minutes the jury came in with their verdict in this case; * * *."

No evidence was taken upon the motion for rehearing to show what occurred in the jury room in connection with this matter or whether any juror or jurors discussed or made any improper statements concerning the character of the stairway in question, or to show any misconduct in the jury room or elsewhere.

Plaintiff's counsel vigorously and ingeniously urges that the mere fact that the jury asked the question shows conclusively that the jurors considered and discussed and made off-the-record statements upon the question of whether or not this stairway was in fact in the nature of a public stairway, and this court is asked to conclusively assume from the question that the jury did in fact consider and discuss the question, and make improper statements relating to it, or was otherwise or in some way guilty of misconduct. In this situation this court is not authorized to assume any misconduct on the part of the jury in this matter. Moreover, as recited in plaintiff's motion for new trial, plaintiff's counsel was present throughout the transaction in the court room, consulting with the trial judge and the defendant's counsel about the propriety of the trial judge's answering the question, and agreed that the judge should not answer it. We are of the opinion that if plaintiff felt that the propounding of this question by the jury tended to raise the issue of jury misconduct to the injury of plaintiff, he should have moved to protect himself at that time, without taking the risk of an adverse verdict as a result of that misconduct.

■ Defendant makes a point that, whereas, under previous rules, the burden was upon the appellee to show no injury from jury misconduct, yet, under the rules effective September 1, 1941 (Rule 327), such burden to show injury is now upon the complaining appellant; that plaintiff has failed to meet that burden in this case, in which judgment was rendered and motion for new trial overruled in September, 1940.

It is the opinion of the writer that the new rules are not retroactive so as to destroy such a right timely and properly exercised under rules in force prior to the effective date of new rules.

The judgment is affirmed.