## INSURORS INDEMNITY & INS. CO. v. BROWN.

### No. 4129.

Court of Civil Appeals of Texas. Beaumont.
April 15, 1943.

Rehearing Denied June 12, 1943.

John H. Benckenstein and Jack M. Moore, both of Beaumont, for appellant.

Sharfstein, Bell & Weinert, of Beaumont, and Allen, Helm & Jacobs, of Houston, for appellee.

COMBS, Justice.

This is a workman's compensation case. On appropriate jury findings the trial court entered judgment in favor of the appellee as for total, permanent disability.

By several propositions, appellant contends that the suit to set aside the judgment of the Industrial Accident Board was filed too late to give the trial court jurisdiction. Appellee was injured July 22, 1941, in Jefferson County. He gave timely notice of his injury and in due time filed his claim for compensation. Being dissatisfied with the award made him by the Board he gave notice of dissatisfaction and within due time thereafter he filed suit in the 60th District Court of Jefferson County on November 8, 1941, to set aside the award. However, in his original petition he did not allege that his injury occurred in Jefferson County, or even that it occurred in the State of Texas. Defendant filed a plea to the jurisdiction. Thereafter, on February 4, 1942, plaintiff filed an amended petition wherein he alleged for the first time that the accident occurred in Jefferson County, Texas. Defendant filed a new plea to the jurisdiction, contending that since the amended petition was filed long after the time allowed by statute for the filing of the suit the suit came too late.

Appellant bases its contention on the holding of our Supreme Court in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1089, wherein the statutory requirement that a compensation suit be brought in the county where the accident occurred was held to be jurisdictional and mandatory. Chief Justice Cureton stated in the course of the opinion that "Jurisdictional allegations are an integral and necessary part of the case, without the statement of which there is no cause of action." So, it is reasoned by counsel in the present case that plaintiff did not invoke the jurisdiction of the court by his first petition, and that he began his suit only when he filed his amended petition wherein he alleged the "essential jurisdictional fact" that the accident occurred in the county of suit, and since this was long after the time allowed by statute for filing the suit the court was without jurisdiction.

■ The contention is not tenable. Since the decision of Mingus v. Wadley two things have happened which render the holding on this point no longer applicable. In 1932 the Legislature amended the statute so that thereafter compensation suits filed in the wrong county would simply be transferred to the proper court in the county where the accident occurred. Vernon's Annotated Civil Statutes, Article 8307a. Since that time the trend of court decisions has been to treat the statute requiring compensation suits to be brought in the county where the accident occurred as a special venue statute, rather than one of "jurisdiction." See Lloyds Casualty Co. v. Lem, Tex.Civ.App., 62 S.W.2d 497; Traders & General Insurance Co. v. Curby, Tex. Civ.App., 103 S.W.2d 398. Also, the New Texas Rules of Civil Procedure abolish the general demurrer and otherwise liberalize the formerly strict and technical rules applicable to petitions. The original petition in this case was sufficient to state a cause of action. Rules 47 and 90. Any defect, fault or omission, "either of form or substance", could be remedied by amendment. Rules 63, 66, 67. Such amendment related back to the filing of the original petition. Texas Emp.Ins.Ass'n v. Evans, 117 Tex. 113, 298 S.W. 516; Jagoe v. Indemnity Ins. Co., 120 Tex. 204, 36 S.W.2d 980. It would be unreasonable and unjust to hold that appellee lost his right to litigate his cause of action merely because of a technical omission—a mere failure to allege a venue fact which in fact existed. Such holding would be contrary to the letter as well as the spirit and purpose of the new rules.

■ Appellant also challenges the jurisdiction of the court on the ground that the injury described in his notice and claim filed with the Industrial Accident Board was not the same as that alleged in his petition in this suit.

In his notice and claim appellee described his injury as follows: "Cause of injury—picking up cement line off Haliburtons truck, foot slipped and I fell back with pipe in hand and fell into lead tongs striking the lower part of my back on tongs."

Appellee made claim before the Industrial Accident Board for the injury and gave exactly the same cause for the injury.

Appellee stated the cause of his injury in his original petition as follows: "While lifting a heavy metal pipe and raising up upon the floor of said drilling rig with said heavy pipe backed into and struck his back in the area between his hips on a pair of Wilson Tongs thereby causing him to lose his balance and fall to the floor of said rig with great force," etc.

In appellee's second amended petition, he alleged the cause of injury as follows: "In lifting a large piece of metal pipe weighing approximately two hundred (200) pounds from the floor of said drilling rig and while holding said large piece of pipe and attempting to raise it up, when he backed into and struck his back in the region of his hips on a pair of Wilson Tongs, thereby causing him to lose his balance and fall to the floor of said drilling rig with great force and violence," etc.

Appellant filed a plea to the jurisdiction, a plea in abatement, motion to dismiss, a special exception and objected to the introduction of the certified copy of the notice and claim for injury, all because the allegations in the pleading showed that appellee was suing for a different injury, occurring at a different place and in a different manner.

We think there was no material variance between the description of injury contained in the claim filed with the Industrial Accident Board and that contained in appellee's petition in this suit. Both describe the accident as occurring at 5:00 o'clock P. M. on the 22nd day of July, 1941, while working on drilling rig for Manahan Drilling Company in Clam Lake District near Sabine, Texas. Both set forth the injury to his back. Unquestionably the injury for which notice was given and claim filed was the one sued upon. The variance in describing the exact manner in which it occurred and the extent of the injury was not material. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; Southern Underwriters v. Parker, Tex.Civ. App., 129 S.W.2d 738. The pleading prepared by experienced counsel described it more accurately and more fully. But it was one and the same accident, resulting in general disability for which compensation was sought before the Board and in this suit. Appellant had prompt notice of it and ample opportunity to investigate the accident and the extent of the injury. The assignments on this point are overruled.

■ Appellant assigns error on the refusal of the trial court to grant a new trial because the wife of one of the jurors sat

with or near the wife of the plaintiff during a portion of the trial and talked with her in the presence of the jury. It is contended that it is reasonable to suppose that the case was discussed and that the information given to Mrs. Clanahan wife of a juror, was passed on to the juror and influenced his verdict. The evidence on the motion shows that the wife of one juror, W. A. Clanahan, sat in the court room during the trial and was seen to converse with Mrs. Brown, wife of the plaintiff. However, it was shown that the Browns and Clanahans were not acquainted when the trial began. Mrs. Clanahan testified that since Mrs. Brown was the only other woman in the court room she got acquainted with her during the three days the trial lasted. But both said the conversations were simply casual and denied that the lawsuit was discussed or referred to at any time. There was not the slightest evidence that appellant's case was prejudiced in any way by the casual association of the two women. Furthermore, the evidence shows that appellant's agent, G. W. Hood, attended the trial and observed the matters complained of prior to the verdict of the jury. No complaint was made at the time, nor was the alleged misconduct reported to the court prior to the verdict. Hence, appellant waived its right to complain. City of San Antonio v. McKenzie Const. Co., 136 Tex. 315, 150 S.W.2d 989. The assignment is overruled. Rule 327, Texas Rules of Civil Procedure; Germann v. Kaufman's Inc., Tex.Civ.App., 155 S.W.2d 969.

Appellant contends also that the evidence was insufficient to support the jury's findings of total, permanent disability. We think the evidence was ample to support the findings. It appears that the appellee at the time of his injury was a good worker, making $7.50 per day. He testified that while handling heavy pipe he slipped on a wet and muddy floor, and fell backwards, striking the lower part of his back and hips upon some Wilson Lead Tongs, and upon the derrick floor, the heavy pipe falling across his chest. He was given first aid a few minutes thereafter and suffered considerable pain from that time on through the night and was unable to get out of bed the next morning. The following day he was taken home to Houston and went under the care of a physician, Dr. Miller, who treated him for about six weeks. He then went under the care of Dr. Pickard, who treated him up to

the time of the trial. He testified that since his injury he has been unable to work, that exercise causes him pain, that he can sleep but a few hours at a time and frequently becomes numb. That since his injury he has been offered work at a salary of $600 per month but was unable to take the job because of his condition, that he had spent the money he had saved up and has gone in debt. His physician, Dr. Pickard, testified that he found him suffering from a severe back injury along the sacro iliac and lower lumbar region, that he treated Mr. Brown for several months and began to notice that the muscles of his left side and left buttock were wasting away as the result of a nerve injury. He testified that he saw Brown only a few days before the trial, that his condition was not only not improved but on the contrary had become progressively worse since the first time he saw him. He testified that Brown is totally disabled and has been ever since he first saw him, and that in his opinion such condition is permanent. Brown's testimony as to his condition was corroborated by the testimony of his wife.

All assignments are overruled. The judgment of the trial court is affirmed.