## BOYCE v. TEXAS INDEMNITY INS. CO.

### No. 4341.

Court of Civil Appeals of Texas. Beaumont.

Jan. 17, 1946.

Rehearing Granted Feb. 7, 1946.

Otis Scruggs, Jr., of Houston, for appellant.

Vinson, Elkins, Weems & Francis, of Houston, for appellee.

COE, Chief Justice.

On a former day of this term of court this appeal was dismissed on the ground that this court was without jurisdiction to entertain this appeal. In appellant's motion for rehearing he called our attention to the opinion by the Commission of Appeals in the case of Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, which sustains the contention of the appellant that this court has jurisdiction of this cause. Therefore appellant's motion for a rehearing is granted and we will dispose of the appeal on its merits.

This is a workman's compensation case in which the appellee timely filed suit in the district court of Liberty County, Tex., to set aside an award of the Industrial Accident Board awarding compensation to the appellant for a sum in excess of $500. The appellant answered the petition of the appellee with a motion to transfer the cause to the district court of Harris County, Tex., a general denial, and a cross-action in which he alleged that the injury for which he claimed compensation occurred in Harris County, Tex. The appellant predicated his motion to transfer the cause to the district court of Harris County on the ground that the injuries for which he sought recovery for compensation before the Industrial Accident Board, and for which he seeks compensation in his cross action, were sustained in Harris County. The injury for which the appellant makes claim for compensation is a bilateral hernia. The appellee filed an objection to the motion of appellant to transfer this cause to the district court of

Harris County, alleging in substance that the appellant filed notice of injury with the Industrial Accident Board of the State of Texas on April 3, 1945, which was dated April 2, 1945, in which he stated and contended that his injury occurred at 4 o'clock p.m. on the 7th day of October, 1944, in the Esperson Dome-Company's yards by lifting a steel hose connecting trucks with oil wells resulting in hernia. That on April 3, 1945, he filed with the Industrial Accident Board his claim for compensation dated April 2, 1945, wherein he stated and contended that he received his injury at 4 o'clock p.m. on the 7th day of October, 1944; that the place of injury was one of the jobs of the Haliburton Oil Well Cementing Company; that the cause of the injury was lifting steel hose connecting wells to trucks, that the award of the Industrial Accident Board awarding appellant compensation was based on such notice of injury and claim and the contentions therein made. Appellee further plead that the only work the appellant did for the Haliburton Oil Well Cementing Company on or about October 7, 1944 was on October 8, 1944, that said work was done and performed in the Esperson Dome oil field in Liberty County; and further that the appellant did not sustain any injury on or about October 7, 1944, in Harris County, but that any injury which appellant might have sustained (if any he did) at or about the time claimed by him occurred in Liberty County, Tex., the district court of which, therefore, has exclusive jurisdiction and venue of this cause. Appellee further plead in substance that because of the conduct of the appellant in filing his notice and claim for compensation in which he claimed his injury to have been sustained at Esperson Dome, which is in Liberty County, and the Board having awarded him compensation on such claim, and he having made no objection to the finding of said Industrial Accident Board, that he is estopped to now say that the alleged accidental injury which he contends that he sustained occurred in Harris County, and further that the district court of Liberty County has no jurisdiction to hear or consider any matters or facts concerning an alleged injury now claimed by appellant in his cross action to have occurred on or about October 6, 1944, in Harris County for the reason that the matters of fact alleged in the cross action with reference to an alleged injury on or about October 6, 1944, in Harris County

is separate, distinct and different from the matters awarded and contended for by appellant before the Industrial Accident Board, and separate and distinct from the matters passed upon by the Industrial Accident Board; that appellant's claim for injuries occurring in Harris County has never been presented to or passed upon by the Industrial Accident Board and is, therefore, a separate and distinct and different injury over which the district court of Liberty County or the district court of Harris County has no jurisdiction.

The motion to transfer the cause to the district court of Harris County was tried to the court without a jury. The court, at the conclusion of the evidence, refused and denied the motion of the appellant, from which ruling the appellant has perfected this appeal. The appellant contends that the evidence upon the hearing of his motion to transfer showed that the injuries of which appellant complains were sustained in Harris County while in the employ of Haliburton Oil Well Cementing Company, and that the trial court erred in refusing and denying appellant's motion to transfer the cause to the district court of Harris County. The appellee counters with the propositions that the suit was properly filed in the district court of Liberty County, that the evidence failed to show that appellant sustained an injury in Harris County, on or about October 7, 1944, that appellant is estopped to assert he did sustain an injury on or about October 7, 1944, in any county other than Liberty County, and that the court properly overruled appellant's motion to transfer the cause.

On a hearing of the motion, the appellant testified in substance that on or about October 7, 1944, he was in the employ of the Haliburton Oil Well Cementing Company as a truck driver and cementers' helper, that he had no regular hours to work but was subject to call at all times; that sometime during the first week of October, 1944, he sustained a bilateral hernia while working in the company's yards in Houston, Harris County; that he could not recall the exact date he received such injury but that it was around about the first week in October, 1944, that such injury was received while assisting in pulling a new manifold on a truck, lifting it in place; that the manifold weighed about 200 pounds; that he did not receive any injury in Liberty County. Upon cross ex-

amination, appellee developed that the daily time sheets which were signed and turned into the company by the appellant failed to show that appellant had done any work for the company on either October 3, 4, 5, 6 or 7, and 9, 10, 11, 12 or 13, but did show that appellant had worked twelve hours on October 8, in the Esperson Dome Oil field, which was shown to be located in Liberty County. Appellant testified on redirect examination that as an employee of Haliburton Oil Well Cementing Company he was guaranteed so much per week whether he worked or not, and that unless they worked sufficient hours to run into over time that sometimes they would not turn in any time at all and that the fact that the time slips would show no time put in would not necessarily mean that he had failed to do any work at all on such days but would only indicate that he had not worked sufficient hours to run into over time; that it was altogether possible that he could have put in a few hours work on any day around the company's yards and the daily time slip would show no hours of work. The only evidence offered by appellee was that of the field superintendent for the General Crude Oil Company who testified in effect that the Haliburton Oil Well Cementing Company did some cement work for his company on October 8, 1944, in the Esperson Dome oil field, and that such oil field is located in Liberty County, some two or three miles east of the Harris County line. Neither party offered in evidence the notice of injury nor the claim for compensation filed by appellant with the Industrial Accident Board.

In his order overruling appellant's motion to transfer the cause to Harris County, the trial court found that appellant did not perform any work or labor in Harris County in the course of his employment with his employer, Haliburton Oil Well Cementing Company, during the period of October 3, 1944, to October 13, 1944, both inclusive, that the only work or labor the appellant performed in the course of said employment during this period was on October 8, 1944, in Liberty County, and without in any wise passing upon the question of whether or not appellant sustained any injury, that if he did sustain any injury in the course of his employment on or about October 6 or October 7, 1944, then such injury, if any, was sustained in Liberty County and not in Harris County.

The parties to this appeal agree that the sole question before this court is a matter of venue; whether this cause should be tried in the district court of Liberty County, where filed, or should be transferred to the district court of Harris County for trial, Article 8307a, Vernon's Civil Statutes, in addition to providing that suits to set aside an award of the Industrial Accident Board shall be filed in the county where the injury occurred, makes the following provision: "However, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred * * *." In construing this statute it is held that where the compensation claimant contends that the injury occurred in some county other than the county of suit, the burden is upon him to establish on the hearing the matter of in what county the injury did occur. Traders & General Ins. Co. v. Curby, Tex.Civ.App., 103 S.W.2d 398; Lloyds Casualty Co. of New York v. Lem, Tex.Civ.App., 62 S.W.2d 497. It has also been held that when it is made to appear to the trial court that the injury occurred in some county other than where the suit was filed, that it is the duty of the court to transfer the case to a court in the county where the injury occurred. Insurors Indemnity & Insurance Co. v. Brown, Tex.Civ.App., 172 S.W.2d 174; Lloyds Casualty Co. of New York v. Lem, supra. In none of the cases cited, nor in any case which we have been able to find, has the point been raised where it was a disputed fact as to whether the claimant had received an injury in any county. Here the appellee, while not admitting that appellant suffered an injury while in the course of his employment in Liberty County, contends that the evidence is insufficient to show that he suffered an injury in Harris County, and therefore the court after finding as a fact that the claimant had not suffered an injury in Harris County while in the course of his employment for the Haliburton Oil Well Cementing Company was justified in refusing to transfer this cause to Harris County. With this contention we are unable to agree. We are not here concerned with the merits of claimant's claim for compensation, but only to determine the proper court to

pass upon the merits of his claim. Here. the plaintiff by his cross action seeks compensation against appellee for an injury he alleges to have occurred in Harris County. He testifies that the only injury received by him, and the one that produced his incapacity, was suffered by him in the course of his employment with his employer in Harris County. He makes no claim for compensation on account of any injury suffered by him in Liberty County and it necessarily follows that under Article 8307a, and the authorities above cited, that the proper court to pass upon the merits of his claim would be the district court of Harris County. The cross action of appellant confined the trial court to passing upon his rights arising from an alleged injury in Harris County, and none other, and the plain provision of Article 8307a, we feel, makes it mandatory that this cause be transferred to Harris County for trial. The evidence here does not raise the issue of estoppel urged by appellee in support of which Texas Employers' Insurance Ass'n v. Newton, Tex.Com.App., 25 S.W.2d 608, is cited.

The judgment of the trial court in overruling appellant's motion to transfer this cause to Harris County is reversed, and this cause is remanded with instructions to the trial court to enter an order transferring this cause to the district court of Harris County.

Reversed and remanded with instructions.