## BOGER v. MOORE, Inc.
### Nos. 4378, 4383, 4384.

Court of Civil Appeals of Texas. Beaumont.
June 27, 1946.

Rehearing Denied Oct. 9, 1946

O'Fiel & O'Fiel, of Beaumont, for appellant.

Forse & Forse, of Newton, and Cooper K. Ragan, of Houston, for appellee.

MURRAY, Justice.

Moore, Inc., is a Georgia corporation with a permit to do business in Texas. It is the owner of oil and gas leases on approximately 10,000 acres of land in East Texas, mostly in Newton county. It made a contract with A. E. Boger, the appellant, to drill an oil well on a certain tract of such land. Boger was obligated to provide an oil well drilling rig and drill a well, and appellee, Moore, Inc., was obligated to provide the money for the expenses of drilling. Boger procured the rig and did drill the well to a depth of about 9,400 feet. Moore, Inc., provided funds to the extent of approximately $100,000. On February 20, 1946, Boger advised Moore, Inc., that an

additional $4,000 was needed for testing and "shooting" the well as it was about ready to be brought in as a producing well. Mr. W. L. Moore, an officer and agent of the appellee, instructed Boger to draw a draft on him for the $4,000, which was done. Mr. Moore then came to Newton county, the scene of the drilling operation, and was advised by Boger that another $12,000 was necessary before he could go ahead with the testing and drilling operations. Mr. Moore requested a statement from Boger showing the manner in which the funds already paid by Moore, Inc., had been expended, with receipted invoices accompanying such statement. When this was not forthcoming, the parties disagreed and each one set out to what seems to have been a race to see who could initiate litigation first. Mr. Boger filed his suit in the United States District Court, for the Eastern District of Texas, alleging that Moore, Inc., was indebted to him and praying for restraining order, temporary injunction, and for receivership. The judge of the United States District Court granted a temporary restraining order, restraining Moore, Inc., from interfering with Boger in the drilling operations. A few days later on a hearing he denied the application for a receivership and for a temporary injunction, and dissolved the restraining order theretofore issued. The main suit in such cause is still pending in the United States District Court. On the same day Moore, Inc., filed suit in the district court of Newton county, Texas, alleging the drilling contract above referred to with Boger, alleged that Boger was indebted to it in the sum of $35,000, that Boger had breached his contract and prayed for an accounting and judgment for its debt, for cancellation of its contract in so far as it assigned to Boger an interest in certain mineral oil and gas leases on land in Newton county, Texas, and prayed for an appointment of a receiver to take charge of and complete such well on the ground that it had reached such stage that its value as a well would be destroyed unless it were cared for and completed. The judge of the district court of Newton county appointed a receiver of the well and property, who qualified by taking the oath and posting the bond required by the court. Such appointment of the receiver without notice was vacated by judgment of this court on the ground that the appointment of a receiver was made to take possession of fixed and immovable property without notice to the interested parties, in violation of Rule 695, Texas Rules of Civil Procedure. On March 11, 1946, the district court of Newton county entered an order continuing in effect the temporary receivership theretofore made and ordering that a hearing be had on the application for receivership on March 18, 1946, and ordered constructive service on Boger for said hearing. Appellant Boger appealed from such order of March 11, 1946, and it is No. 4378 on the docket of this court.

Appellant Boger appeared for the hearing on the application for receivership March 18, 1946. He filed his plea of privilege to be sued in Jefferson county, Texas, the county of his residence, and appellee, Moore, Inc., filed a controverting affidavit, alleging that the suit was brought on a written contract to drill an oil well in Newton county, Texas, and that under subdivision 5 of Art. 1995, Revised Statutes 1925, Vernon's Ann.Civ.St. art. 1995, subd. 5, the suit was properly brought and should be tried in Newton county; it also alleged that the suit was for cancellation of assignments of mineral leases on land situated in Newton County, Texas, and to remove cloud from title to such land, and that under subdivision 14 of such statute the suit was properly brought and should be tried in Newton county. On a hearing, the court overruled the plea of privilege and Boger has appealed from such order overruling his plea, and that appeal is No. 4383 on the docket of this court. Appellant Boger also filed his plea in abatement, alleging that the same controversy between the same parties was involved in his suit then pending in the United States District Court, and alleged that the instant suit should be abated because of the pendency of prior litigation in that court. He also filed a lengthy pleading to the merits of the application for receivership, denying that any grounds for the appointment of a re-

ceiver existed. On the hearing on the application for appointment of receiver, the judge of the district court of Newton county found, after hearing the testimony, that the appointment of a receiver was authorized and appointed a receiver to take possession of the leasehold premises, and all property situated thereon. Boger has appealed from such order appointing a receiver and that cause is No. 4384 on the docket of this court. All three appeals have been consolidated.

■ The appellant by his first point says the court erred in refusing to sustain his plea of privilege. We believe the plea of privilege was properly overruled. The suit of Moore, Inc., prayed for cancellation of assignments to Boger of oil and gas leases on lands in Newton county, Texas, and for removal of cloud from title of such lands, and, therefore, it comes under subdivision 14 of Art. 1995, Revised Statutes. See Stuart v. Herman, Tex.Civ.App., 157 S.W.2d 939; Smith v. Abernathy, Tex.Civ. App., 6 S.W.2d 147.

■ Appellant's second point is that the trial court erred in overruling and refusing to sustain his plea in abatement because of the showing that a prior suit between the same parties, involving the same subject matter, was then pending in the United States District Court for the Eastern District of Texas. The appellee, in reply to this contention, points out in its suit that there is nothing in the record to show that the trial court took any action with reference to the plea in abatement. The record discloses that the appellant's attorney called the plea in abatement to the attention of the court and the judge's only action was to say that he would consider first the appointment of a receiver. The appellant argues by supplemental brief that by stipulation of the parties the oral and documentary evidence was to be submitted and considered as a part of the record as a whole and argues that the order of the court overruling the plea of privilege carried with it the implication that the plea in abatement was likewise overruled. We doubt that the matter has been properly brought before this court by the appellant, but in order that the parties may know the view of the situation which we take, we hold that if the court did overrule the appellant's plea in abatement, it did so correctly and appellant's second point is overruled. As a general rule the pendency of a prior suit in a Federal court sitting in this state will not abate a subsequent suit in a court of this state, even though the two suits are between the same parties and involve the same subject matter. 1 C.J.S., Abatement and Revival, p. 101, § 67; Northwestern Engineering Co. v. Chadwick Machinery Co., Tex.Civ.App., 93 S. W.2d 1223; Bergholm v. Peoria Life Ins. Co., Tex.Civ.App., 83 S.W.2d 1064; International & G. N. R. Co. v. Barton, 24 Tex. Civ.App. 122, 57 S.W. 292. In the case of Northwestern Engineering Co. v. Chadwick, above, the cases of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, and Benson v. Fulmore, Tex.Com.App., 269 S.W. 71, are discussed and distinguished from cases involving prior suits in Federal courts. Both the latter two cases, cited by the appellant, state the rule as applied to prior pending suits in state courts. By his seventh point, the appellant complains that the trial court did not "take into consideration fraction of days in ruling on plea in abatement." This point is without merit, in view of our holding under appellant's second point.

■ By the third and fourth points, appellant complains of the action of the trial court in appointing a receiver of the oil well, drilling rig and of appurtenances, on March 4, 1946, and continuing the appointment by an order of March 11, 1946, without notice or hearing. These points must be considered in the light of the testimony which is before us, as adduced at the hearing on application for appointment of a receiver on March 25, 1946. From this testimony it appears that at the time the parties disagreed over the need for an additional $12,000 for the completion of the oil well, and at the time the litigation began, the well had been drilled to a critical stage. Boger, who had contracted to drill the well, declined to go forward with the drilling. Moore, Inc., declined to advance more than $4,000. The parties had reached an em-

passe in their joint operation. It was undoubtedly to the benefit of both parties in the saving of the well in its potential value as an oil well that the court place some person in possession of it with authority to keep the machinery and appurtenances of the drilling rig in place. These orders appointing the receiver without notice concerned the possession of movable property such as the machinery and rig and derrick. It incidentally, of course, meant taking possession of the land where the well was being drilled, which was immovable. We, however, think no harm is shown to the appellant in entering the order for the appointment of a receiver under these conditions, in view of our belief that the appointment made after the hearing was justified by the facts.

■ ■ Appellant's fifth point complains of the appointment of a receiver after the hearing, and says that the facts shown did not warrant such appointment. With this proposition we do not agree. The oil well at that stage of its drilling represented a considerable investment and its value as such to both parties could have been lost or considerably depreciated in value by lack of experienced attention. This care and attention to the needs of the well was provided by the appointment of a receiver, whose further actions are to be under the direction of the trial court in the interest of all parties interested in the completion of the well. We think the facts as developed upon the hearing amply warranted the court in its action. See Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217; United North & South Oil Co., Inc. v. Meredith, Tex.Com.App., 272 S.W. 124. The appointment of a receiver under circumstances such as these rests in the sound discretion of the trial court and on appeal such an action will not be disturbed except in case where a clear abuse of this discretion is shown. Richardson v. McCloskey, Tex.Civ.App., 228 S.W. 323, and cases cited.

Appellant's sixth point says that it was error for the trial court to appoint a receiver, because the fact showed that a less onerous remedy such as a writ of injunction would have accomplished the same result as the appointment of a receiver. For the reasons pointed out in discussing point 5 above, we believe this point to be without merit.

By his eighth point, the appellant complains of the action of the trial court in refusing him a jury trial on the hearing on the application for the appointment of a receiver. We find no merit in this contention. An application for the appointment of a receiver is always addressed to the sound discretion of the court. The statute itself, Art. 2293, R.S., 1925, uses the phrase, "Receivers may be appointed by any judge of a court of competent jurisdiction of this State * * *." The hearing on this application appears to be of a nature inherently incapable of being determined by a jury.

■ In view of the partial degree of merit in appellant's appeal from the order of March 11, 1946, made without notice, the costs of this appeal will be taxed one-third to appellee and two-thirds to appellant.

No reversible error appearing, the judgments and orders appealed from are affirmed.