### KANE v. NATIONAL SURETY CORPORATION.

Civ. No. 4059.

United States District Court
N. D. Texas, Dallas Division.

Jan. 3, 1951.

Lucian Touchstone, and W. Richard Bernays, Dallas, Tex., for the Motion.

W. E. Johnson, and White & Yarborough, all of Dallas, Tex., opposed.

ATWELL, Chief Judge.

Plaintiff alleged that she was a resident of Dallas County, Texas, and that the defendant was a citizen of the state of New York, doing business under a permit in the state of Texas. That in October, 1949, while she was an employee of the Trinity Universal Insurance Company in Dallas County, Texas, she slipped while in the regular course of her employment as she went down a stairway, and received injuries which she says incapacitates her for work, and sues for $10,025.00 under the Workmen's Compensation Law of the state of Texas. That she gave notice of such injury within the statutory time and filed her claim with the Industrial Accident Board of Texas, as provided by law. That said Board had a hearing and entered its final ruling on August 14th, 1950. That within twenty days after such final ruling, she gave written notice that she would not consent to abide by the said final ruling and would file suit in a court of competent jurisdiction to set the same aside and recover the compensation to which she is entitled. That she desires her recovery in a lump sum, and desires that her attorneys be paid one-third of what she recovers.

She filed a similar suit in the state district court, making the same allegations as to employer, injury, appearance before the Industrial Accident Board, dissatisfaction with its findings, and an appeal from such Board, and the prayer for the setting aside of the award. All of these allegations being in accordance with the requirement of the Texas Compensation Law. The state court suit was filed before she filed this suit in this court.

On December 22, 1950, the defendant filed in this, the United States District Court, a motion to dismiss her suit because she had already invoked the jurisdiction of the 68th Judicial District Court of Dallas County, Texas, a court of competent jurisdiction which had acquired the sole and exclusive jurisdiction of the subject matter.

Article 8307, Sec. 5, of the state statutes, Vernon's Ann.Civ.St. art. 8307, § 5, provides that one appealing from the action of the Board shall bring suit in the county where the injury occurred, and that the court shall determine the matter upon the trial de novo.

Such an appeal divests the Board of jurisdiction, and even a subsequent voluntary dismissal of the suit instituted to set aside the Board's award, does not reinstate nor revive the Board's award. Zurich General Accident Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674; Texas Reciprocal Insurance Ass'n v. Leger, 128 Tex. 319, 97 S.W.2d 677; Federal Underwriters Exchange v. Read, 138 Tex. 271, 158 S.W.2d 767; 45 Tex.Juris. 774, Sec. 280. This last authority declares that the legal effect of bringing a suit to set aside an award, or order, is to divest the Board of all jurisdiction in respect to the claim, and

to invest the court with jurisdiction over all parties and issues concerned. Associated Indemnity Corp. v. Peel, Tex.Civ.App., 157 S.W.2d 416; Republic Underwriters v. Howard, Tex.Civ.App., 69 S.W.2d 584; 45 Tex.Juris. 776, Sec. 281, also disclose that the court's power to act is dependent upon prior authorized action of the Board. It is primer law that unless the Board has jurisdiction the court can have none.

[redacted] Nor is this reasonable conclusion disturbed by the general rule that a suit may be instituted in the jurisdiction of both national and state sovereignty and each court may proceed to final judgment. The court first reaching that harvest supports a plea which would demand the dismissal of the uncompleted case. 14 Amer.Juris. 442, Sec. 247. But when the suit is in rem, or, quasi in rem, the court first acquiring jurisdiction does so to the exclusion of other courts. Sec. 14, Amer.Juris. 444, Courts Sec. 249; Cole v. Franklin Life, 5 Cir., 108 F.2d 130. This case evidences the very necessary rule of comity in regard to in rem and quasi in rem actions, and prevents the exercise of jurisdiction over a res already within the jurisdiction of the other court.

In 21 C.J.S., Courts, § 527, p. 807, the question of comity is nicely presented in these words, "A party who invokes the jurisdiction of either of such courts, where they have concurrent jurisdiction, is bound by his election, and cannot thereafter bring an action in the other tribunal, unless the later suit involves questions which cannot be considered in the earlier."

The authorities cited in support of this attitude were either actions in rem, or, quasi in rem, or, actions in which a party prosecuted his suit to judgment and then sought to maintain an action in the other tribunal.

In an ejectment action, styled Hyatt v. Challis, C.C., 55 F. 267, which was originally instituted in a state court, where the plaintiff lost but was granted a second trial, when he then dismissed and brought a similar action in the federal court, it was held that by his action in the state court he had waived his right to sue in the federal court and the action was dismissed.

[redacted] An essential element of these compensation suits, first ruled by the Industrial Accident Board, from which an appeal is taken to a court of competent jurisdiction, is the setting aside of the Board's judgment. Upon such an appeal and filing, the Board is divested of further jurisdiction and a subsequent suit to do the same thing has nothing upon which to operate and, therefore, has no jurisdiction.

It seems to me that the proper rule is to dismiss this suit without prejudice to the plaintiff.