## CHANCEY v. ASSOCIATED INDEM-NITY CORP.

Civ. A. No. 6138.

United States District Court
S. D. Texas, Houston Division.

July 6, 1951.

Cole, Patterson, Cole & McDaniel, of Houston, Tex., for plaintiff.

Fulbright, Crooker, Freeman & Bates, of Houston, Tex., for defendant.

CONNALLY, District Judge.

This is a workmen's compensation case filed by the Plaintiff, a citizen of this State and resident of this district and division, against the Defendant insurance company, a citizen of California, licensed in this State and doing buiness in this district and division.

It is alleged that the Plaintiff sustained the accidental injury made the basis of this action in Angelina County, Texas, which is within the territorial limits of the Tyler Division of the Eastern District of Texas. After an award was made by the Industrial Accident Board, the insurer (the Defendant here) in due time gave its notice of dissatisfaction, and filed suit to set aside the award in the District Court of Angelina County, Texas. The Plaintiff here (and Defendant there) appeared, answered, and cross-acted in the usual form. Likewise in due time, the Plaintiff here gave his notice of dissatisfaction and filed

this action. The state court case is prior in point of time. The parties and subject matter of the two suits are identical. Either court is in position to grant the parties full relief. On the foregoing facts, the Defendant moves (1) to dismiss this action; (2) alternatively, to transfer same to the Tyler Division of the Eastern District of Texas; or (3) in the further alternative, to stay all proceedings herein pending outcome of the state court case.

In support of its motion to dismiss, the Defendant contends that this court is without jurisdiction to try, or to enter a valid judgment in the action, thus urging the strict interpretation of Sec. 5, Art. 8307, of Vernon's Texas Civil Statutes, which was announced by Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. Under that statute, as interpreted, jurisdiction to try a workmen's compensation case was vested solely in the court of appropriate jurisdiction of the county in which the injury occurred. The courts of no other county had jurisdiction to do anything but dismiss such an action. In the federal courts, the court sitting in the *district* in which the injury occurred had jurisdiction of such actions, although not sitting in the county in which the injury occurred. Ellis v. Associated Ind. Ins. Corp., 5 Cir., 24 F.2d 809.

■ The Legislature of this State in 1931 enacted Sec. 8307a, effective May 21, 1931, which authorized courts of competent jurisdiction, in counties other than that in which the injury occurred, and in which such compensation suit was filed, to transfer such action to a court of competent jurisdiction in the county of the injury. In Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, the Supreme Court of Texas has interpreted this article as for the first time investing courts of competent jurisdiction in such counties other than that in which the injury occurred, with *jurisdiction of the subject matter* in such cases. And where jurisdiction of the *person* is acquired by waiver or consent (as in the Pugh case), courts of such other counties have jurisdiction to try and determine such actions.

The net result of Art. 8307a, as presently interpreted, is to make it clear that the cause of action created by the Compensation Act of this State is a transitory one which all courts of competent jurisdiction of Texas are *empowered* to enforce; and any such courts may try and render a valid judgment in such type action if compliance is had with the special venue rules pertaining to such actions, or if such venue be waived.

■ If all of the state courts of Texas are thus vested with "potential jurisdiction" in workmen's compensation cases by the terms of Art. 8307a, I am unaware of any reason why the same should not be true of all federal courts sitting within the State. Having jurisdiction of the subject matter by terms of the statute, this court has jurisdiction of the person of the Defendant by the terms of our own jurisdictional statutes. Jurisdiction being founded only on diversity of citizenship, this court has venue under Sec. 1391, Title 28 U.S.C.A.

■ As the action is one solely for a money judgment, it is neither in rem nor quasi in rem, and there is no impropriety in a federal court and a state court, with concurrent jurisdiction, entertaining such litigation with the same parties and subject matter. Penn General Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Carpenter v. Edmonson, 5 Cir., 92 F.2d 895; Byrd-Frost, Inc., v. Elder, 5 Cir., 93 F.2d 30, 31, 115 A.L.R. 342.

■ For the foregoing reasons, I am of the opinion the case should not be dismissed, nor transferred to the Tyler Division of the Eastern District, under Sec. 1406 of Title 28 U.S.C.A. It might be transferred there under Sec. 1404 if the convenience of the parties and witnesses would be, so served, as it might likewise have been brought in that district and division. In cases of doubt on this issue of convenience, I am inclined to favor a transfer to the district or division in which the injury occurred, probably through deference to the state venue rules. Birdwell v. Indemnity Ins. Co., D.C., 48 F.Supp. 950; Castellano v. Indemnity Ins. Co., D.C., 52 F.Supp. 941; Hawthorne v. Anchor Cas. Co., D.C.,

300

53 F.Supp. 475. In the instant case, however, it appears that the Plaintiff was employed and has resided in this district and division; for the Defendant, the case was handled through its Houston office; counsel for both parties are Houston lawyers; and most, if not all, of the medical witnesses reside here. A transfer would be attendant with a great deal more expense on the part of both parties, and I see no reason to transfer under Section 1404.

Having determined that the case should remain here, I have given serious thought to the propriety of staying any further proceedings here to await outcome of the state court case, to avoid any unseemly contest with the state court in setting the matter for trial. I have concluded, however, that having the right to bring his action here, Plaintiff likewise has the right to have it tried when reached, just as the Defendant is entitled to have its state court action tried under the rules of that court. Hence, the motion of the Defendant will be denied, and the case will stand on the calendar for trial in its regular order.

Clerk will notify counsel. Counsel for Plaintiff will present appropriate order.