**TEXAS EMPLOYERS' INS. ASS'N v. JOHNSON.**

No. 12482.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 19, 1952.

Rehearing Denied Jan. 28, 1953.

Runge, Hardeman & Steib, San Angelo, for appellant.

Ed. Yarbrough, Tyler, for appellee.

W. O. MURRAY, Chief Justice.

This is a workman's compensation case. Plaintiff, Willie H. Johnson, appealed from an award of the Industrial Accident Board to the District Court of Menard County, Texas, alleging in his petition that the place of his injury was Menard County. The notice of injury filed with the Industrial Accident Board by the employer likewise set forth that the accident occurred in Menard County. Plaintiff and one of his witnesses testified during the trial that the place of his injury was in Menard County. Plaintiff was injured while cleaning an oil tank located upon Shell Oil Company pipeline, which line extends across Menard and Kimble Counties. Plaintiff secured favorable answers to special issues submitted to the jury.

Before judgment was entered defendant filed a motion for a new trial, setting up the fact that the spot where plaintiff was injured was in Kimble County and not in Menard County, which fact defendant had not known until after the jury rendered their verdict. Defendant supported its motion for a new trial by evidence and asked that the verdict of the jury be set aside and that the cause be transferred to Kimble County for trial. This motion was overruled and judgment entered for plaintiff in the sum of $25 per week for a period of 265 weeks, out of which was to be paid attorney's fees. From that judgment Tex-

as Employers' Insurance Association has prosecuted this appeal.

Appellant contends that the court should have granted its motion for a new trial and transferred this cause to Kimble County, when it was made to appear that the place of injury was in Kimble County and not in Menard County. We overrule this contention. Appellant did not file a plea of privilege or a plea of abatement before answering herein and therefore the only question to be decided is, did the Court of Menard County have jurisdiction of the subject matter, to-wit, appellee's claim for workman's compensation resulting from his injury?

The case of Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, is decisive of the question here presented. The Supreme Court in that opinion recognized that originally, under the provisions of Section 5 of Art. 8307, Vernon's Ann.Civ.Stats., suits to set aside the final ruling and award of the Industrial Accident Board were required to be filed in the county where the injury occurred, that such provisions were mandatory and jurisdictional, and that the courts of no other county had jurisdiction to hear and determine such suits. But the Court went further and held that the enactment of Art. 8307a had the effect of giving potential jurisdiction to all courts of competent jurisdiction of this State to try such cases. The proper venue of such a case, of course, is in the county where the injury occurred, but the question of venue can only be raised by the timely filing of a proper plea of privilege.

Another case in point is that of Chancey v. Associated Indemnity Corporation, D.C., 99 F.Supp. 298. Federal District Judge Connally held in that opinion that under Art. 8307a, supra, all courts in this State of competent jurisdiction are given potential jurisdiction to try workmen's compensation cases whether the injury occurred in such counties or not.

Appellant lays great stress upon that part of Art. 8307a, supra, which reads as follows: " * * * however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred." Under this provision, appellant contends that the trial court should have, upon its own motion, transferred this case to Kimble County, when it ascertained that the injury occurred in Kimble County, although appellant had not filed a plea of privilege or a plea in abatement, and the question had not been raised in any manner until after the verdict of the jury had been returned into court and the court was ready to render final judgment thereon. We cannot agree. Inasmuch as the District Court of Menard County had potential jurisdiction of the subject matter in the absence of a plea of privilege timely filed, that court had jurisdiction to try the cause. Certainly, after the trial had proceeded in Menard County to the point where a jury verdict had been received and all that remained was the rendering of judgment upon such verdict, a question of venue could not be raised, even though prior to such time appellant did not know that the place where appellee was injured was across the county line in Kimble County.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

We have decided that we went too far in our original opinion in holding that the question of proper county in which to try a workman's compensation case could only be raised by the timely filing of a plea of privilege.

We go no further in this case than to hold that after a case has been developed in a trial court to the extent that all the evidence has been heard, the evidence shows conclusively that the injury occurred in the county of suit, and the case has been considered by the jury and their answers returned, and nothing further remains than the duty of rendering judgment upon the verdict of the jury, it is too late for the losing party to raise for the first time an issue to the effect that the injury occurred

in a different county than the county of suit, by producing what may be termed newly discovered evidence of such fact. In the instant case it is not shown that appellant used due diligence to discover such fact and call it to the court's attention before permitting the case to be passed upon by the jury.

Appellant's motion for a rehearing has been carefully considered and is overruled.