## TEXAS EMPLOYERS' INS. ASS'N v. RIBBLE.

### No. 3020.

Court of Civil Appeals of Texas. Eastland.
July 17, 1953.

Rehearing Denied Sept. 18, 1953.

Burford, Ryburn, Hincks & Ford, Dallas, for appellant.

Willis & McEntire, Ft. Worth, for appellee.

COLLINGS, Justice.

Cecil Ribble brought this suit against Texas Employers' Insurance Association to recover benefits under the Workmen's Compensation Act for injuries alleged to have been sustained by him in Kaufman County while he was engaged in the course of his employment as an employee of L. O. Price Construction Company, Inc. On November 30, 1951, the insurance company filed a plea of privilege to be sued in Dallas County, the place of its residence. Plaintiff filed no controverting affidavit. On October 8, 1952, a hearing was had on the plea of privilege and evidence was introduced showing that plaintiff Ribble did, on June 12, 1947, while working in the course of employment with L. O. Price Construction Company, Inc., sustain the injuries alleged in Kaufman County, Texas. The court overruled the plea of privilege and the insurance company has appealed.

It is contended by appellant that the court erred in hearing and in overruling the plea of privilege in the absence of a controverting affidavit. It is urged that Ribble waived his right to contest the plea of privilege by failing to controvert same and by failing to secure a ruling thereon

at the term of court at which the plea was filed.

Article 8307a, Vernon's Ann.Civ.St., provides that suits to set aside an award of the Industrial Accident Board shall be filed in the county where the injury occurred and further provides as follows:

"However, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred."

■ We agree with appellant's contention that the requirement that such suits be filed in the county where the injury occurred is a matter of venue rather than jurisdiction. Federal Underwriters Exchange v. Pugh, Tex.Sup., 174 S.W.2d 598; Texas Employers' Ins. Ass'n v. Johnson, Tex.Civ.App., 254 S.W.2d 427 (N.R. E.); Lloyds Casualty Co. of New York v. Lem, Tex.Civ.App., 62 S.W.2d 497, (Writ Dis.).

■ Contrary to appellant's contention, however, venue in such cases and the procedure for determining same, is controlled by the statute itself rather than by Article 1995 and exceptions provided thereunder and Articles 2007 and 2008, Texas Revised Civil Statutes, Vernon's Ann.Civ.St. arts. 1995, 2007, 2008. Traders & General Ins. Co. v. Curby, Tex.Civ.App., 103 S.W.2d 398.

■ Article 8307a, supra, provides that the court, "upon ascertaining that it does not have jurisdiction" shall transfer the case to the county where the injury occurred. The burden is on the claimant to establish that the injury occurred in the county in which suit is pending. Where suit is brought in a county other than where the injury occurred and the matter is timely brought to the court's attention, it is the duty of the court, on its own motion, or the motion of either party, to transfer the case to the proper county. Boyce v. Texas Indemnity Ins. Co., Tex.Civ.App., 193 S.W.2d 551, (Err. Dis.); Castellano v. Indemnity Ins. Co. of North America, D.C., 52 F.Supp. 941; Texas Employers' Ins. Ass'n v. Johnson, supra.

■ There is no provision in Article 8307a for a plea of privilege or controverting affidavit. The failure of an insurance company to file a plea of privilege or the failure of a claimant to controvert such a plea, if filed, does not, of itself, therefore, amount to a waiver of the statutory provision that the venue of the suit shall be in the county where the injury occurred.

The statute in question does not provide for the transfer of such a case to the county of the residence of an insurance company. The right to have the case transferred is dependent upon a showing that the injury occurred in another county. There is no such showing. On the contrary, the evidence shows that the injuries for which Ribble seeks compensation occurred in Kaufman County. In compliance with the statute, he brought suit in Kaufman County. The court properly refused to transfer the case to Dallas County, the place of appellant's residence.

The judgment of the trial court is affirmed.