**TRAVELERS INSURANCE COMPANY,**
**Plaintiff,**

v.

**Calvin F. COOK, Defendant.**
**Civ. A. No. 2582.**

United States District Court
N. D. Texas,
Lubbock Division.
April 25, 1959.

Crenshaw, Dupree & Milam, J. Orville Smith, Lubbock, Tex., for Travelers Ins. Co.

Davis & Bevers, Denzil Bevers, Lubbock, Tex., for Calvin F. Cook.

Before DAVIDSON, Chief Judge, and DOOLEY and ESTES, District Judges.

ESTES, District Judge.

The jurisdiction of this court is invoked by plaintiff The Travelers Insurance Company's appeal from an award of the Industrial Accident Board of Texas, under Article 8307, Section 5 Revised Civil Statutes of Texas, Vernon's Ann. Civ.St. art. 8307, § 5. The award of the Board was in the amount of $1,207.32, as shown by the original complaint. The maximum amount recoverable by defendant, Calvin F. Cook, on his claim before the Industrial Accident Board for total and permanent disability was $14,035. Calvin F. Cook filed an appeal in State Court within the 20 days provided by the Texas Statute, but shortly after the instant suit was brought by the Insurance Company, and has filed a motion to dismiss this action for want of jurisdiction.

The disposition of the motion to dismiss for want of jurisdiction is governed by our opinion in Civil Action No. 787 in the United States District Court for the Northern District of Texas, San Angelo Division, styled National Surety Corporation v. Chamberlain, 171 F.Supp. 591. We there held that the amount in controversy was determinable from the standpoint of the plaintiff and that in an insurance carrier's appeal from an award of the Industrial Accident Board of Texas by suit in the United States District Court the amount in controversy is determined by the amount of the Board's award. We further held that where an appeal from an award of the Industrial Accident Board is filed in the State court within the time provided by state law, (Article 8307, Section 5) a suit commenced in this court would be dismissed for want of jurisdiction.

Accordingly, this action should be and is hereby dismissed for want of jurisdiction.

DAVIDSON, Chief Judge, and DOOLEY, District Judge, concur.