**S & J AUTOMOTIVE, INC., Appellant,**

v.

**The PERMAFUSE CORPORATION,**
Appellee.
No. 21118.

United States Court of Appeals
Fifth Circuit.
Oct. 14, 1964.

Joe L. Orr, Fort Worth, Tex., for appellant.

Sloan B. Blair and Howard Barker, Fort Worth, Tex. (Cantey, Hanger, Gooch, Cravens & Scarborough, Fort Worth, Tex., of counsel), for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and McRAE, District Judge.

McRAE, District Judge.

The only issue for determination is whether or not the trial court erred in refusing to set aside its order dismissing this action on the ground that a similar action involving the same parties and the same subject matter was previously instituted and pending in a State Court of Texas.

S & J Automotive, Inc. ("S & J") brought suit in the United States District Court for the Northern District of Texas against The Permafuse Corpora-

tion ("Permafuse"), seeking damages in excess of $10,000 under both tort and implied warranty theories. The precise nature of the case and the relief sought are not relevant to the issue raised in this appeal. Federal jurisdiction is not disputed.

In its answer in the present case, Permafuse alleged, among other defenses, that a suit against Permafuse involving the same parties and the same subject matter was pending in the 17th District Court of Tarrant County, Texas, and moved the Court "to dismiss or, in the alternative, to abate the above entitled cause * * *".

Thereafter, on July 29, 1963, the attorneys for both parties appeared for docket call in the United States District Court at Fort Worth, Texas, and the attorneys for Permafuse urged the Court to dismiss or to abate the case in the United States District Court. On August 1, 1963, the District Court entered an order holding that "such plea in abatement should be sustained", and "ordered that this cause be and the same is hereby dismissed at the plaintiff's cost". On the following day S & J filed a motion to set aside the order of dismissal, which was denied by the District Court. It was from this order that S & J took the present appeal.

The record shows that the only pleading of Defendant in the State Court case was a "special appearance" filed pursuant to the Texas Rules of Civil Procedure for the purpose of challenging the jurisdiction of the State Court. This challenge of State Court jurisdiction was undetermined by the State Court at the time action was begun in the United States District Court and also at the time the order of dismissal was entered.

The record also shows that S & J is barred by the statute of limitations from bringing this action again in the United States District Court, and was so barred at the time the order of dismissal was entered.

If the State Court determines that it lacks jurisdiction, which is still an open question, then no suit involving the merits of this controversy was or is "pending" in that Court. This Court cannot find that a suit was "pending" in the State Court without presuming to decide the very issue which is now before the State Court for determination.

If the order of dismissal is permitted to stand, S & J may find that it has no remedy in the State Court because of lack of jurisdiction, and no remedy in the Federal Court because the action is barred by the statute of limitations. This harsh result could have been avoided by proceeding to trial in the United States District Court or by staying the action in that Court until the State Court had at least decided whether or not it had jurisdiction. Ballantine Books, Inc. v. Capital Distributing Co., 302 F.2d 17, (2d Cir. 1962).

The Order of the Court Overruling Plaintiff's Motion to Set Aside Order of Dismissal is accordingly overruled, and this case is remanded to the United States District Court for the Northern District of Texas for action consistent with this opinion.