Grover C. KAY, Appellant,

v.

The HOME INDEMNITY COMPANY,
Appellee.

No. 21290.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1964.

Rehearing Denied Jan. 27, 1965.

Warren Burnett, Odessa, Tex., Robert D. Pue, Law Offices of Warren Burnett, Odessa, Tex., of counsel, for appellant.

Perry Davis, Jr., Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, Tex., for appellee.

Before HUTCHESON, RIVES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

The question in this case is the extremely narrow one arising under the Texas Workmen's Compensation Act, Vernon's Tex.Civ.Stat.Ann. art. 8306 (1956). This is its first appearance here, although in the Federal District Courts the count is now two to one in support of the judgment of dismissal below.[1]

Specifically, what, and all that, is involved is the "jurisdiction" of the last court in the race to the courthouse between separate and competing suits to set aside the award of the Industrial Accident Board. Here the Insurance Carrier, after proper notice of dissatisfaction with the Board's award[2] timely filed its suit to set aside the award in the State District Court (Midland County) on February 16, 1963. It is unquestioned that under the liberal Texas rules of procedure and the practice built up over the years in compensation cases, the injured employee could have filed a cross action to enforce his claim for compensation. In that cross action, the extent in dollars of his right to recover would depend —in the absence of fraudulent allegations —upon the allegations of his cross action, not the matters set forth in the administrative claim before the Board. Booth v. Texas Employers Insurance Assn., Tex.Com.App. (opinion adopted), 1938, 132 Tex. 237, 123 S.W.2d 322. Consequently, the Employee had a Texas forum open to him in which he could secure the last full measure of whatever rights he might have under the Compensation Act.

But he chose not to do this. Whether for reasons of docket congestion, escape from what some regard as super technicalities of the special issue practice, or some other accidental or purposeful preference for the Federal Court, the Employee after proper notice of dissatisfaction filed his suit directly in the Federal Court four days later on February 20, 1963. The Carrier by appropriate motion (and answer) challenged the jurisdiction of the Federal Court on the ground that upon the earlier filing of the State Court suit, the Award of the Board evaporated into limbo, and there was hence no "claim" over which the Federal Court had subject matter jurisdiction even though there was concededly requi-

1. In support: Kane v. National Surety Corp., N.D.Tex., 1951, 94 F.Supp. 605; Travelers Ins. Co. v. Cook, N.D.Tex., 1959, 172 F.Supp. 710; contra: Chancey v. Associated Indemnity Corp., S.D.Tex., 1951, 99 F.Supp. 298.

2. Vernon's Tex.Civ.Stat.Ann. art. 8307, § 5 (Supp.1963).

site diversity. The Federal District Judge sustained the pleas and dismissed the case for want of jurisdiction. While the question of jurisdiction is inescapably a Federal one,[3] this offers only limited solace because that, in turn, depends much on Texas law, indeed, technical Texas law in a very technical area.

The *Erie* lights are dim. Illuminating one direction, the lantern's wick draws on naught but the pure dicta of Mingus v. Wadley, 1926, 115 Tex. 551, 285 S.W. 1084. This, of course, does not of itself extinguish the flame.[4] But the fuel is low and from subsequent decisions, it may be something less than the "pure" dicta it started out to be. More important, if we apply literally the proposition that authoritative guidance comes, not from the last, but rather the latest word from the highest most recent writing court, United Services Life Ins. Co. v. Delaney, 5 Cir., 1964, 328 F.2d 483, 486, the light, weak as it is, tends to point out a different path. To sustain the dismissal entire reliance must be put on this dicta of Mingus v. Wadley. "Suits to set aside awards are analogous to appeals from trial courts to Courts of Civil Appeals. * * * When such a suit is brought to set aside the award, the vitality and finality of the award is therefore suspended and its subject-matter withdrawn from the board and all of the courts, except the one in which the suit is filed, and which has complete and exclusive jurisdiction to go to judgment and execute its decisions." 285 S.W. 1084, at 1088. This talks in the traditional terms of the inferior tribunal's judgment being "suspended" on the proper taking of an appeal. Although the rationalization is not requoted or again articulately relied on, the case has been cited and the general proposition partly applied in subsequent cases.[5] But as dicta, it comes close to having been erased, cf. Ford Motor Co. v. Mathis, 5 Cir., 1963, 322 F.2d 267, 269, twelve years later by the Supreme Court in Booth v. Texas Employers' Ins. Assn., Tex.Com. App. (opinion adopted), 1938, 132 Tex. 237, 123 S.W.2d 322. There the Court, without so much as a deferential nod toward Mingus v. Wadley, declared: "While it has been said that a suit to set aside an award is analogous to an appeal from trial court to a court of civil appeals and elsewhere that it is analogous to an appeal from justice court to county court, there is no true analogy in either comparison. The suit to set aside an award of the board is in fact a suit, not an appeal. It is filed as any other suit is filed and when filed the subject matter is withdrawn from the board. * * *" 123 S.W.2d 322 at 328.

Offsetting the Mingus-Wadley approach is the opinion of the Court of Civil Appeals in Aetna Casualty & Surety Company v. Brunken, Tex.Civ.App., 1963, error refused n.r.e., 373 S.W.2d 811. There, unlike our situation where the first case was filed in the State Court,

3. See Horton v. Liberty Mutual Ins. Co., 1961, 367 U.S. 348, 352–353, 81 S.Ct. 1570, 6 L.Ed.2d 890.

4. West v. American T. & T. Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; see especially Maryland Cas. Co. v. Hallatt, 5 Cir., 1961, 295 F.2d 64, 72 (dissenting opinion), the dicta there forecast the Florida law which was soon memorialized in Barnes v. Pennsylvania Threshermen and Farmers' Mut. Cas. Ins. Co., 1962, Fla.App., 146 So.2d 119, cert. denied Fla., 153 So.2d 305, calling for formal reversal of our former opinion three years later, 326 F.2d 275; cf. Mississippi Valley Gas Co. v. Federal Power Comm'n, 5 Cir., 1961, 294 F.2d 588, 591. See also 1 Barron & Holtzoff,

Federal Practice & Procedure § 8 (Wright ed. 1960); 1 Moore Federal Practice § 307 [2] at 3312 (1961).

5. See especially Zurich General Accident & Liability Ins. Co. v. Rodgers, 1936, 128 Tex. 313, 97 S.W.2d 674; Texas Reciprocal Ins. Ass'n v. Leger, 1936, 128 Tex. 319, 97 S.W.2d 677; Lloyds Casualty Co. of N. Y. v. Lem, Tex.Civ.App., 1933 (writ dismissed), 62 S.W.2d 497. These cases involve efforts to mature the Board's Award with penalties and attorney's fees, art. 8307, § 5a. An essential ingredient is that no suit to set aside the Board's Award has been filed. This element is lacking where such suit has been filed, although in the wrong county.

the second in the Federal Court, the tables were turned. The first was filed by the carrier in the Federal Court, the second, by the employee in the State Court. The State Court case proceeded to trial and judgment first. The Court of Civil Appeals sustained the trial Court's denial of a plea in abatement. But in so doing, it presumably relied only on general notions,[6] and it is plain none of the cases so strongly pressed here was even cited, much less discussed.

■■ What are we to do in these circumstances, conscious as we now must be that what we write may well turn out to be the decision for this day and case only? United Services Life Ins. Co. v. Delaney, 5 Cir., 1964, 328 F.2d 483, 486 (concurring opinion, see especially notes 5–8). One thing we might do is to search out other materials. This could include the Booth case and its express recognition that two separate suits to set aside the award of the Board may be filed— and may even be necessary—to preserve the rights of each.[7]

■ But as these materials are too equivocal to ground any firm conclusions, we do not think that we are driven to make any such hard choice. As the problem is not the run-of-the-mill *Erie*-one, but takes the form of an underlying federal question of federal jurisdiction, we think we are entitled to put such interests into the scales. Once that is done, we see nothing to suggest that we should strain to find a way to entertain workmen's compensation suits. To the contrary, everything suggests the opposite. We sense here a strong congressional policy that looks upon compensation cases—vitally important as they are to the victims of industrial disease and accident —as being of such a technical statutory form that they have little real business in a federal court. The 1958 Amendments to the Judicial Code do, of course, permit the *filing* of a state compensation suit (with requisite diversity and amount). But it is singular that removals from the state to the federal court are forbidden. 28 U.S.C.A. § 1445 (c).[8] Although this is not completely

6. "The court did not err in overruling the plea in abatement. The general rule, which is adhered to in Texas, is that pendency of a prior suit between the same parties over the same cause of action in the federal court is not ground for abatement of a subsequent suit in a court of the state in which the federal court sits. 56 A.L.R.2d 338; 2 Texas Digest, Abatement & Revival, ☞12; 1 Texas Jur., 2d 61; Trinity Universal Ins. Co. v. De Martini, Tex.Civ.App., 118 S.W. 2d 901 (Writ Ref.); International & G. N. R. Co. v. Barton, 24 Tex.Civ.App. 122, 57 S.W. 292, (Writ Ref.); Northwest Engineering Co. v. Chadwick Machinery Co., Tex.Civ.App., 93 S.W.2d 1223, (Writ Dis.); Boger v. Moore, Tex.Civ.App., 196 S.W.2d 646, 648; Mack v. Reserve Life Ins. Co., Tex.Civ.App., 217 S.W.2d 39. See also Hyde Corporation v. Huffines, 158 Tex. 566, 578, 314 S.W.2d 763," Aetna Casualty & Surety Co. v. Brunken, 373 S.W.2d 811, 813.

7. See at 123 S.W.2d at 330 where the Court discussed the awkward, illogic of the holdings. Where the carrier appeals, jurisdiction is determined by the amount of the award. Where the employee appeals, it is determined by his good faith allegations in the petition. In that effort,

he is not confined to the dollar jurisdictional limits of the court (county or district) to which the carrier had to resort. The Court explained it in this way. "The employee is, of course, permitted to file in the insurer's suit a cross action for a greater amount, within the court's jurisdiction, than that of the award and may recover such greater amount. If he desires to assert a right to compensation in an amount beyond the jurisdiction of the court in which the insurer's suit was filed, he is free to do so by filing suit to set aside the award, within the time fixed by the statute, in the court having jurisdiction over the greater amount. In such situation * * * the employee's suit should be treated as the dominant suit and the insurer's suit, even though first filed, abated. This, because the subject matter of the controversy is the right of the employee to compensation, with the burden of proof upon him * * *." 123 S.W.2d 322 at 330.

8. "(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Act of July 25, 1958, Pub.L. 85–554, § 5, 72 Stat. 415.

parallel, it reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition.[9]

■ Although this appears to lead to inconsistent results with a possibility of two suits, one state and one federal, where the federal suit is filed first,[10] but only one where the federal suit is filed last, we do not think it really has any practical significance. The state courts have the opportunity, if we read Brunken too narrowly, to extend the principles of that case to the one presented here. And in either situation, since these cases partake in many respects of an administrative proceeding (although resembling an ordinary lawsuit with a trial de novo), we think the policies of the federal diversity jurisdiction statutes coalesce with that of the State Compensation Act to form a single policy. This approach affords the Federal District Courts a good deal of elasticity in docket control so that the trial of the merits would actually go forward expeditiously in the state, not the federal, court.[11] These cases are by their very nature the most local of local causes. Everything points to the desirability of the trial being held without delay [12] in the state forum in which, under our *Erie*-system, the ultimate authoritative determination can alone be made. Cf. United Services Life Ins. Co. v. Delaney, 5 Cir., 1964, 328 F.2d 483.

Affirmed.

9. See Horton v. Liberty Mut. Ins. Co., 1961, 367 U.S. 348, 362–363, 81 S.Ct. 1570, 6 L.Ed.2d 890 (dissenting opinion). See also S.Rep. No. 1830, 85th Cong., 2d Sess., (1958), in 1958 U.S. Code Cong. & Ad.News, pp. 3099, 3103–3106 and especially the table at 3105 showing the volume of this litigation then clogging Federal District Courts in Texas. In 1957, they numbered 2,147.

10. See Aetna Casualty & Surety Co. v. Brunken, supra.

11. See S & J Automotive, Inc. v. Permafuse Corp., 5 Cir., 1964, 337 F.2d 618

HUTCHESON, Circuit Judge (concurring specially):

I concur fully in the result and in most of the majority opinion, but I do not concur in the statement in the opinion that Mingus v. Wadley has been overruled. On the contrary, after carefully Shepardizing it, I find it has not been overruled or in any way departed from by the Supreme Court, and I, therefore, feel bound by it as still stating Texas law.

[1964] which recognizes that even as to a case admittedly within the diversity jurisdiction, the Federal Court has wide latitude in staying proceedings pending determination in the State Court.

12. In many of the Texas Judicial Districts, particularly those in metropolitan industrial areas with consequent docket congestion, express preferential priority is given to workmen's compensation cases. See, e. g., Harris County (encompasses Houston) Rules 2 and 6 of the District Court.