Ronny L. **BRYAN**, Plaintiff-Appellee,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Defendant-Appellant.

No. 27196.

United States Court of Appeals
Fifth Circuit.

July 29, 1969.

Rehearing Denied Aug. 25, 1969.

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for defendant-appellant.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, Tex., for plaintiff-appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

COLEMAN, Circuit Judge:

This is a Texas workmen's compensation case. A prior suit on the same con-

troversy was pending in the state court but the District Court overruled a challenge to its jurisdiction. This appeal followed. We reverse.

Under Texas law, Article 8307, § 5, Vernon's Tex.Civ.Stat.Ann., any interested party in a workmen's compensation proceeding before the Industrial Accident Board who is not willing and does not consent to abide by the final ruling and decision of that Board may, within twenty days after the rendition of the final ruling, file with the Board a notice that he will not abide by the decision. After giving such notice, he has twenty days in which to bring suit de novo to set aside the ruling. In Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), the United States Supreme Court held that Federal District Courts in Texas have jurisdiction, where the other diversity requirements are met, of an original suit to review decisions of the Texas Industrial Accident Board. In Horton no action had been filed in the state courts.

In Kay v. Home Indemnity Company, 5 Cir., 1964, 337 F.2d 898, the Insurance Carrier, after proper notice of dissatisfaction with the Board's award, filed its suit in the state court to set aside the award. The employee, after similar notice, four days later filed his suit directly in the Federal Court. The Insurance Carrier challenged the jurisdiction of the Federal Court. The Court sustained the plea and dismissed the case. We affirmed, commenting that, "[W]e see nothing to suggest that we should strain to find a way to entertain workmen's compensation suits. To the contrary, everything suggests the opposite". We there noted the provisions of 28 U.S.C.A. § 1445(c), which forbids the removal of workmen's compensation cases from state to Federal Courts, concluding that it reflected "a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition".

In the case sub judice the Industrial Accident Board rendered a final decision in Mr. Bryan's case on July 2, 1968. On July 6, 1968, he gave notice that he was not willing and did not consent to abide by the Board decision. Two days later the Insurance Carrier gave similar notice. On July 9, the Insurance Company filed its suit in state district court to set aside the commission award. So far as this record reveals, process was issued by the state district court but never served. On July 11, Bryan filed his suit in United States District Court for the Eastern District of Texas, Texarkana Division. This Court had federal jurisdiction over the county of the place of injury, which also was the county in which the state suit had been filed.

On August 1, 1968, the Insurance Carrier moved to dismiss the Federal Court suit for lack of jurisdiction in that the case had been lodged two days earlier in the state court. On September 11, 1968, the motion to dismiss for lack of jurisdiction was overruled.

Thereafter, the case went to trial before the district judge, sitting without a jury. Upon findings of fact and conclusions of law the district court awarded Bryan a judgment.

The Insurance Carrier appeals to this Court on the ground that the district court lacked jurisdiction and on the additional ground that the factual findings of the district court were clearly erroneous. As we view the law, we do not reach the second ground in the disposition of this appeal.

As already pointed out, the Supreme Court has held that where the proper diversity exists Federal Courts in Texas do have jurisdiction of original suits to review final decisions of the Texas Industrial Accident Board. This, however, does not reach the issue in this case, for in Horton no prior suit had been filed in the state court.

We have previously mentioned our decision in Kay v. Home Indemnity Company, supra, affirming the dismissal of a suit to review an award where suit

had first been filed in state court by the opposing party. It may be argued, of course, that *Kay* is not controlling in this appeal because we now have a case in which the district court *declined* dismissal instead of granting it.

Nevertheless, the question we must decide is: Did the assumption of jurisdiction in Bryan's case contravene 28 U. S.C.A., § 1445(c), which forbids the removal of a workmen's compensation case to the federal courts?

Obviously, there was no removal in the stereotyped sense because the defendant in the state court never invoked Federal removal procedure, Title 28 U. S.C.A., § 1446. Did he nevertheless successfully by-pass such procedure? Did he not surely and effectively accomplish a removal, without exercising the procedures prescribed by the Code? We think that he did.

No process out of the state court was ever served on Bryan but the state court clearly had jurisdiction of the case by virtue of the prescribed notice and the filing of the suit, Hartford Accident and Indemnity Company v. Herriage, Tex. Civ.App., 139 S.W.2d 873 (1940); Hood v. Texas Employer's Insurance Association, Tex.Civ.App., 260 S.W. 243 (1924); Miller's Indemnity Underwriters v. Hayes, Tex.Com.App., 240 S.W. 904 (1922).

Had Bryan been first with his suit the Federal District Court would have been vested with jurisdiction, Horton v. Liberty Mutual Insurance Company, *supra*.

However, since the state court acquired jurisdiction first we are likewise convinced that what Bryan accomplished was the actual removal of a workmen's compensation case from state court to the United States District Court, in contravention of 28 U.S.C.A., § 1445(c). By prevailing upon the District Court to retain jurisdiction, appellee did, in fact, that which the statute prohibits, Kay v. Home Indemnity Company, *supra*. Advancing the application of concurrent jurisdiction, appellee intentionally steamed full speed ahead against twin torpedoes, the statute and our decision in *Kay*. This shipwreck is the result. There could be no concurrent jurisdiction in this case, for in the presence of the plea there was none at all.

It is to be regretted that the ultimate remedy of a workman injured on the job is thus deferred, but that is beyond our power to remedy.

The judgment of the District Court, retaining jurisdiction and awarding judgment for the appellee, is reversed, with directions to dismiss the suit for lack of jurisdiction.

Reversed, with directions.