COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,

v.

Esther Henley LESTER, Appellee.

No. 7348.

Court of Civil Appeals of Texas, Beaumont.

May 18, 1972.

**158**

---

Dan Prescott, Houston, for appellant.

Ralph K. Miller, Houston, for appellee.

DIES, Chief Justice.

This is a workmen's compensation case. The parties will be referred to as they were in the trial court.

Plaintiff, Esther Henley Lester, brought suit in Polk County, Texas, against Commercial Standard Insurance Company, defendant, alleging that her husband, Fred Dock Lester, sustained injuries resulting in death. She alleged that his fatal injuries were sustained in Mahoning County, Ohio, while he was an employee of C & H Transportation Co., Inc.

Defendant filed a plea of privilege to be sued in the county of its "residence", viz., Tarrant County.

Plaintiff's controverting affidavit averred:

"[I]t is a fact, that she [plaintiff] was a resident of Polk County, Texas, the county in which this suit is brought, and at the time the same was brought, and that the deceased employee, FRED DOCK LESTER, was also a resident of Polk County, Texas, at the time the contract of hiring was made, all within the meaning of Sections 19b and 19c of Article 8306, Revised Civil Statutes of Texas, and that, therefore, express Special Venue in Polk County, Texas, is maintainable herein as is provided by Exception 30 of Article 1995, R.C.S. of Texas."

Defendant admitted that the deceased was an employee of subscriber on May 22, 1969 (date of the alleged injury), and had been hired in the State of Texas.

Plaintiff testified that at the date of her husband's demise, both she and deceased lived in Polk County, Texas, and had done so for many years. That deceased was a truck driver for C & H Transportation Co., Inc., and he would drive out of Houston, Texas. This trip was to New York and he had been gone some three or four days at the time of his death. That he frequently made these cross-country trips. She further testified that on the night before he was found dead, he telephoned her from Youngstown, Ohio, where he said he had unloaded his truck and that he was "exhausted, tired." She testified that he sounded exhausted.

The Ohio certificate of death attributed his death to a sudden coronary occlusion.

Following the hearing on venue, the trial court overruled the plea of privilege from which defendant perfects this appeal, contending that there is no or insufficient evidence of accidental injury; that there is no or insufficient evidence that an accidental injury occurred in the course and scope of his employment; and that the evidence was insufficient to show that the deceased was a "Texas employee."

■ Venue in workmen's compensation cases is the county of injury. Art. 8307a, Vernon's Ann.Civ.St., provides:

"[I]n the event such suit [to set aside the Board's award] is brought in any county other than the county where injury occurred, the Court in which the same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred."

In bringing this suit in Polk County, Texas, plaintiff relied upon Art. 8306, § 19, V.A.C.S., which is as follows:

"If an employee, who has been hired in this State, sustain injury in the course

of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas; or to enforce it, as mentioned in Article 8307, Sections 5–5a, shall be brought either

"a. In the county of Texas where the contract of hiring was made; or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

■ We hold that in suits to set aside awards of the Industrial Accident Board —commonly known as workmen's compensation suits—it is not proper to test the venue of the suit by a plea of privilege.

In Texas Employers' Ins. Ass'n v. Ribble, 260 S.W.2d 719 (Tex.Civ.App., East-

land, 1953, no writ), the insurance carrier filed a plea of privilege in Kaufman County to be sued in Dallas County, the place of its residence. Plaintiff filed no controverting affidavit. The trial court overruled the plea of privilege. On appeal, it was urged that plaintiff waived his right to contest the plea of privilege by failing to controvert it. After noting that the requirement that these suits be filed in the county of injury was a matter of venue rather than jurisdiction (Art. 8307a, V.A.C.S.), the court held:

"Contrary to appellant's contention, however, venue in such cases and the procedure for determining same, is controlled by the statute itself rather than by Article 1995 and exceptions provided thereunder . . . ." (260 S.W.2d at p. 720)

■ We are aware that in Texas Employers' Insurance Association v. Nardman, 376 S.W.2d 891 (Tex.Civ.App., El Paso, 1964, no writ), the court does not question the insurance carrier's right to test venue by a plea of privilege. However, we believe the wiser rule is found in the *Ribble* decision. The question of venue, we believe, was intended by the legislature to be litigated in the trial on the merits. No good purpose would be accomplished by requiring the claimant to have an extra hearing for this purpose. To so hold would just further lengthen the judicial process in these cases. When insurance companies write workmen's compensation insurance policies, they know that except in cases such as those provided for in Art. 8306, § 19, V.A.C.S., as set out above, they must defend them in the county of injury.

The order of the trial court overruling the plea of privilege is affirmed.